PARKS *v.* WATSON and others.

*(Circuit Court, D. Nebraska.* July 12, 1884.)

1. TAX TITLE — OPINION OF STATE SUPREME COURT—AUTHORITY IN FEDERAL COURT.
    The opinion of the supreme court of Nebraska is a construction by the highest tribunal of the state of the effect of its statutes upon its tax proceedings, and as such should be followed by a federal court sitting in Nebraska.

2. SAME—EQUITY—STATE LIEN—OWNER—PARTY PAYING.
    In actions in equity the courts will inquire, not simply into legal, but also into equitable rights. In such actions each party must be required to do equity. The state has a lien upon land until all taxes are paid. When paid by other than the owner of the land, the state must be considered as transferring its lien to such party, and the only way that equity should relieve the owner from the burden of such lien is by payment.

3. SAME—RIGHTS OF THE STATE—TRANSFER TO PARTY PAYING TAX.
    If one, without stopping to question the validity of the proceedings, comes forward and pays the tax, he ought to be entitled, not merely to the benefit of the proceedings then already had, but also the full benefit of all the state's rights.

Exceptions to Master's Report.

*G. M. Lambertson,* for complainant.

*W. T. Wodehouse,* for defendants.

BREWER, J.    This is an action to quiet title.    Complainant shows a regular chain of title from the government.    Defendants claim under four tax deeds.    On February 15, 1884, the case came on for hearing upon the bill, answer, and replication and the testimony taken on behalf of the respective parties, when an interlocutory decree was entered finding for the complainant, quieting his title, decreeing the tax deeds null and void, and referring the case to a master to report the amount of legal taxes paid by defendants and their grantors.    The report of the master was filed March 8, 1884.    Exceptions were filed by both parties, and the case comes on now for the hearing of such exceptions, and final decree.

1. It is insisted that the statute of limitations had run in favor of the tax deeds, and therefore that the title of defendants should be

held perfect and the bill dismissed. It is conceded that, according to the opinion expressed by the supreme court of the state of Nebraska in a case lately decided, to-wit, *Taylor* v. *Courtney*, reported in 16 N. W. Rep. 842, the statute of limitations would not protect the deeds; but it is claimed by counsel for defendants that such decision is erroneous, and not binding on this court. I cannot agree with counsel in this. The decision is a construction by the highest tribunal of the state of the effect of its statutes upon its tax proceedings, and as such I think should be followed by this court. The interlocutory decree in this respect was right, and must be adhered to.

2. The master in his conclusions seems to have been of the opinion that the defendants were entitled to be reimbursed only such taxes paid by them as were supported by proceedings technically perfect, resting, perhaps, upon the language of the reference to him to report "the amount of legal taxes." In this I think he is mistaken. This is an equitable action, and in it each party must be required to do equity. The court will inquire, not simply as to the legal, but also as to the equitable, rights. Every owner of property owes the duty of contributing in taxes his just proportion of the expenses of maintaining the government. The complainant in this case neglected that duty, and the defendants discharged it for him. The state has a lien on the land for all taxes until they are paid. Comp. St. Neb. p. 426, § 138. When paid by other than the owner of the land, the state must be considered as transferring its lien to such party; and the only way in which equity should relieve the owner from the burden of such lien is by payment. It will not do to say that if, in consequence of the defects in the proceedings, the lien was in no condition to be enforced by the state, the purchaser at the tax sale took nothing; because it is within the undoubted power of the state, if tax proceedings are defective, to renew them again and again, and until they result in the payment of the tax. If one, without stopping to question the regularity of the proceedings, comes forward and pays the tax, he ought to be entitled, not merely to the benefit of the proceedings then already had, but also to the full benefit of all the state's rights. The inquiry, therefore, is not whether the taxes are legal in the sense that the proceedings are all regular and correct, and such that a full title to the land could be obtained by carrying them on to completion, but whether they are legal in the sense that they are just and equitable impositions upon the land. In other words, was the land subject to taxation? was the tax authorized by law and imposed by the proper tribunal? were the proceedings so far in substantial compliance with the statute that the court can see that, equitably, the lot-owner should have paid the taxes,—that they were simply his just contribution to the support of the government? If so, before the court will relieve him from the cloud of a tax deed, it should require payment by him of such taxes and interest.

For these reasons the exceptions of the defendants will be sustained

to the report of the master, so far as it disallows them any taxes on the ground of mere irregularity in the tax proceeding; in all other respects it will be confirmed. The account will then stand thus:

Amount of taxes paid and interest to February 25, 1884, - $1,182 03
Less $12 of the tax of 1876, and interest thereon to February 25, 1884, $7, - . . . . . . 19 00
                                                                                      _____
                                                                                      $1,163 03
Due complainant for rent and interest, . . . 326 09
                                                                                      _____
Balance, - . . . . . $836 94

The decree will therefore be entered quieting complainant's title, upon the payment of this balance, with interest at 7 per cent. from February 25, 1884, within 60 days; and, in default of such payment, the defendants will be entitled to an order of sale therefor. The costs of this case will be divided equally between the parties.