[No. 2742. Decided December 8, 1897.]

WILLIAM FARRELL, *Appellant*, v. SAMUEL D. GUSTIN *et al.*, *Defendants*, CHARLES H. BAKER, *as Receiver*, *Respondent*.

RIGHTS OF SECOND MORTGAGEE — RECOVERY OF TAXES PAID ON PREMISES.

A second mortgagee, who forecloses and acquires a right to a deed of the premises, cannot, as against a first mortgagee, set up a claim for taxes paid after the expiration of the right of redemption, even though the deed had not issued to him, as he stands in the position of owner of the premises until foreclosure of the prior mortgage.

Taxes paid by a mortgagee after foreclosure but prior to the expiration of the right to redeem therefrom, although not delin-

quent at the time of payment, may be recovered either from the redemptioner or a prior mortgagee.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Modified.

*Battle & Shipley,* for appellant:

Payment by the mortgagee of taxes does not constitute a separate debt in his favor against the mortgagor, but only entitles him to add the amount to the sum owing on his security, and collect the whole together. He cannot collect the amount of said taxes as a separate debt after the mortgage debt is paid. Cooley, Taxation (2d ed.), p. 466; *Savage v. Scott,* 45 Iowa, 130; *Skilton v. Roberts,* 129 Mass. 309; *Townsend v. Case Threshing Machine Co.,* 48 N. W. 899; *Southard v. Dorrington,* 4 N. W. 935; *Vincent v. Moore,* 17 N. W. 81; *Horrigan v. Wellmuth,* 77 Mo. 542; *Spencer v. Levering,* 8 Minn. 461; *Nopson v. Horton,* 20 Minn. 268.

*Stratton, Lewis & Powell,* for respondent:

Respondents do not claim that they have any independent claim against the mortgagor on account of these payments. They do assert that, having paid the taxes, which were a paramount lien on the land, to protect their junior incumbrance, they are entitled to be subrogated to the extent of these payments to the rights of the state to such priority over an older mortgage. 2 Jones, Mortgages, § 1080; *Williams v. Hilton,* 35 Me. 547 (58 Am. Dec. 729); *Southard v. Dorrington,* 4 N. W. 935; *West v. Hayes,* 20 N. E. 155; *Townsend v. Threshing Machine Co.,* 48 N. W. 899; *Sidenberg v. Ely,* 90 N. Y. 257 (43 Am. Rep. 163); *Hogg v. Longstreth,* 97 Pa. St. 259; *Pratt v. Pratt,* 96 Ill. 184; *Windett v. Union Mutual Life Ins. Co.,* 144 U. S. 581; *Schatt v. Grosch,* 31 N. J. Eq. 200; *Fiacre v. Chapman,* 32 N. J. Eq. 464; *Barthell v. Syverson,* 6 N. W. 178.

The opinion of the court was delivered by

Scott, C. J.—The questions raised by this appeal relate to the right of a second mortgagee to recover of the first mortgagee taxes paid upon the land mortgaged. The second mortgage was foreclosed first, and the mortgaged land was sold thereunder to the bank represented by the respondent as receiver. The sale was made in 1892, but a deed to the lands did not issue to the bank until in July, 1895. The court found that the delay in issuing the deed was due to a failure of the bank to apply for it, and the taxes were paid by the respondent for the years 1892, 1893 and 1894. This action was brought by the appellant to foreclose his mortgage, and the court found that the respondent was entitled to recover the taxes paid on the land and to a lien therefor paramount to appellant's mortgage lien. Much of the argument and many of the authorities cited by the appellant are to the effect that the respondent could not maintain a separate suit for said taxes, but could only recover by including the same in his foreclosure suit. But that does not seem to be the question here, as all the taxes were paid after the foreclosure of the second mortgage, and, with the exception of the first payment, they were paid after the right to redeem had expired. We are of the opinion that the decree was wrong in allowing a recovery for the taxes paid after the time to redeem from the sale under the second mortgage had expired, and that as to those payments the respondent should be held to have made them as the owner of the land, even though the deed had not issued, for the purchaser at such sale should not be allowed to recover taxes so paid of the prior mortgagee in consequence of his delay for years in applying for a deed.

It is further urged by the appellant that there should be no recovery for the first taxes paid, because the respondent

paid the same before they were delinquent, and that he had no right to presume that the owner would not pay the taxes, but should wait until proceedings were instituted to enforce collection thereof. While the authorities are conflicting upon this proposition, we do not think the position of the appellant herein should be sustained. The second mortgage contained a stipulation to the effect that the mortgagee might recover any taxes he was required to pay in order to preserve the security of the mortgage, and while it authorizes in terms only a recovery therefor in an action to foreclose the mortgage, it should be held to include the right to recover for taxes paid after the foreclosure but prior to the time of the expiration of the right to redeem, and to confer a right to make the payment, as such mortgagee should not be compelled to wait until a large amount of cost, penalties and interest had accrued before he would be entitled to make payment on the mere assumption that the owner might pay, for the mortgage security would be materially impaired by such extra charges. It is also a question in which the public has an interest, and a prompt payment of taxes should be encouraged. It is not contended that the taxes were void, nor that the owner of the land at any time undertook or intended to make payment or to contest their validity. The cause will be remanded with instructions to the lower court to so modify the decree as to allow the respondent to recover for the taxes paid prior to the time the right to redeem had expired. The appellant will recover costs of this appeal.

DUNBAR, ANDERS, GORDON and REAVIS, JJ., concur.