<hr/>

[No. 4265. Decided February 18, 1903.]

IDA J. BURGERT, *Appellant*, v. PAT CAROLINE *et al.*, *Respondents.*

TAXES — PAYMENT BY GUARDIAN — RIGHT TO LIEN.

    Where a guardian, in order to protect lands belonging to her wards, and owned by them as tenants in common with adult persons, pays delinquent taxes thereon from her own funds, such guardian is entitled to a lien against the lands for the amount so paid, even as against the adult owners, since she does not occupy the position of a mere volunteer, but is chargeable with the duty of protecting the interests of her wards.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Reversed.

*James Hamilton Lewis* and *Thomas B. Hardin* (*Leroy V. Newcomb,* of counsel), for appellant.

*James McNeny,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—The appellant seeks by this action to be reimbursed for taxes paid by her on certain lands belonging to the respondents. Demurrers were interposed and sustained to her complaint, after which she elected to stand thereon, whereupon judgment of dismissal and for costs was entered against her. This appeal is from that judgment.

The pertinent facts upon which the appellant bases her claims are these: In 1892 her children, eight in number, became the owners as tenants-in-common, of certain land situate in the city of Seattle, in this state. Of these children, one had then reached the age of majority, and another reached that age in the following year. The others were and still are minors, and appellant between the month of February, 1892, and the month of April, 1900, was their duly appointed, qualified, and acting guardian. State, county, and city taxes were annually levied and assessed against the property during the time the appellant was acting as such guardian, and on November 1, 1899, amounted, in principal, interest, penalties, and costs, to the sum of $1,360.99. All of these taxes were then delinquent, and for a part thereof—those for the year 1895 and preceding years—a judgment of forfeiture had been entered, and a delinquency certificate issued therefor, pursuant to law, to the county of King. The land was nonproductive, and the appellant did not have, as guardian, any funds or means whereby she could pay these taxes. This being the condition on November 1, 1899, the appellant requested the adult tenants-in-common to pay their portion of the taxes then due, and, on their failure so to do, paid the entire tax out of her own funds, redeeming the land from the judgment of forfeiture, and causing to be canceled all of the taxes assessed against the land and

due at that date.   Subsequent to this payment, one of the adult owners conveyed her interest in the land to one Huston, who in turn conveyed to the respondent, Pat Caroline, each of whom, it is alleged, purchased with knowledge of the circumstances and of the fact that the appellant claimed a lien on the land.   Still later, the appellant resigned her trust as guardian, and was succeeded by the respondent, Bernard Pelly.   The appellant sues the guardian by leave of court.   She seeks to have the amount paid by her as taxes declared a lien upon the land against which it was assessed, and to have the lien foreclosed and the land sold to satisfy the same.   The principal question suggested by the record, therefore, is, has the appellant a lien on the land for the taxes paid by her.

It is elementary, of course, that one person cannot ordinarily make himself the creditor of another by paying, without request or consent, the debt of that other; and, applying this principle, it is generally held that a stranger to the title to real property cannot make himself the creditor of the owner of the property by voluntarily paying the taxes assessed against it.   Every taxpayer, it is said, has the right, as between himself and a third person, to pay his taxes in his own time and in his own way, and to the municipality to which it is due, and cannot be compelled to accept as a creditor a stranger who voluntarily makes such payments.   But, notwithstanding the rule is thus clear when applied to payments of taxes made by a volunteer, it is equally clear that a person having a valid subsisting interest in real property, or a lien thereon, may pay the taxes assessed against the property whenever it becomes necessary to protect his interests or lien, and can enforce a lien on the land, for the amount paid, against the interests of any person who in justice ought to have paid the

tax.   In this state the rule is even broader than this.   By statute it is declared that:

"When any tax on real estate is paid by or collected of any occupant or tenant, or any other person, which, by agreement or otherwise, ought to have been paid by the owner, lessor or other party in interest, such occupant, tenant or other person may recover by action the amount which such owner, lessor or party in interest ought to have paid, with interest thereon at the rate of ten per cent. per annum, or he may retain the same from any rent due or accruing from him to such owner or lessor for real estate on which such tax is so paid; and the same shall, until paid, constitute a lien upon such real estate."   Bal. Code, § 1738.

In *Farrell v. Gustin,* 18 Wash. 239 (51 Pac. 372), we held that taxes paid after the foreclosure of a junior mortgage, but prior to the expiration of the time for redemption, although not delinquent, might be recovered as a lien on the land against the rights of the redemptioner or a prior mortgagee.   So in *Fischer v. Woodruff,* 25 Wash. 67 (64 Pac. 923, 87 Am. St. Rep. 742), we held that a junior mortgagee who had paid taxes on the mortgaged property for the purpose of protecting his mortgage lien, and without knowledge of the existence of a prior mortgage thereon, was entitled to have the sum paid declared a lien superior to the prior mortgagee.   And in *Packwood v. Briggs,* 25 Wash. 530 (65 Pac. 846), we held that a judgment creditor who had paid the taxes on his debtor's lands, under the belief that his judgment was a lien thereon and that he was protecting his lien by so doing, was entitled to a lien for the sum so paid as against a mortgagee of the land.   This statute and these cases but emphasize the fact that it is the policy of the law to encourage the payment of taxes.   The government, in order to exist, must not only levy a tax at stated intervals

on all the property within its jurisdiction, but must insist that the tax levied be paid within a reasonable time. The law does not, therefore, inquire too nicely into the interests or motives of those who pay taxes lawfully assessed upon property. But it will, whenever the interests of justice require it, allow those who have an interest or a *bona fide* claim of interest in the property of another, and who have paid taxes thereon which rightfully should have been paid by that other, a lien against the land for the amount of the taxes paid.

But it is said that the appellant does not fall within the rule of one having an interest or a *bona fide* claim of interest; that she was at most only guardian of some one who had an interest and who might have paid the taxes, but had personally no such interest as would authorize her to pay them out of her own funds. It seems to us, however, that she had such an interest as would bring her within the provisions of the rule above cited. As guardian, it was her duty to protect the interests of her wards in every way in her power. While her duty did not go so far as to require her to pay from her own funds the taxes accumulated upon her wards' property, yet she had the right to do so, and to be reimbursed out of their property for the amount so paid. Had she purchased the property with her own funds at a tax sale, equity would not have permitted her to hold it against the claim of her wards. As she could not purchase the estate for her own interest, justice requires that she should not be held a volunteer when she purchases for her wards. But it is said further that, whatever view may be taken of her rights, when considered with reference to her wards, she was a volunteer so far as the adult owners were concerned. We do not think so. The property was assessed and the tax levied as a whole, and she, as the representative of one

tenant-in-common, had the right as against the others to pay the whole tax, and can recoup, under the statute, a just proportion of the amount paid from each of the several owners.

Concluding, therefore, that the complaint states a cause of action, the judgment is reversed, and the cause remanded with instructions to overrule the demurrers and require the defendants to answer to the merits.

MOUNT, DUNBAR and ANDERS, JJ., concur.