[No. 924.     February 26, 1903.]

AMBROSIO ARMIJO et als., Plaintiffs in Error, v. GEORGE K. NEHER, Defendant in Error.

SYLLABUS.

1. An entry by a cotenant claiming title under a deed purporting to convey the whole estate is a constructive ouster, and sufficient notice to start the statute of limitations as to his obligation to account to his cotenants for rents and profits received by him.

2. Under Comp. Laws of 1897, section 2550, providing that interest shall be allowed at 6 per cent. on money received to the use of another and retained without the owner's consent, where a cotenant entered, under a deed purporting to convey the whole estate, and claimed the land adversely, he was liable for interest on his cotenants' share of rents and profits received, notwithstanding his cotenants' failure to demand the same.

3. In a suit for an accounting between cotenants, the tenant in possession, erroneously claiming the entire estate, was entitled to credit for taxes paid, where it did not appear that he had returned the property at more than its value, or in bad faith for the purpose of embarrassing his cotenants' interest therein.

4. Where, in a suit between cotenants for an accounting, there was no proof that repairs made by the tenant in possession were necessary, or that improvements made added to the rental or permanent value of the premises, no allowance could be made therefor.

Error to the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice.    Judgment for plaintiff in error.

NEILL B. FIELD for plaintiffs in error.

In New Mexico the statute prescribes that the rate of interest in the absence of a written contract fixing a different one shall be six per cent per annum on money received to the use of another, and retained without the owner's consent, express or implied.

Compiled Laws, New Mexico, 1897, sec. 2550.

This claim for interest is founded on the clearest equity, and has the support of abundant authority.

Earl v. Friend, 16 Gratt. 21.

The court erred in not charging the defendant with interest on the money actually received by the intestate from the date of such receipt.

Whitworth v. Hart, 22 Ala. 343; Tarleton v. Goldthwaite, 23 Ala. 346; Curtis v. Innerarity, 6 How. 154; 1 Vez. 310; Robinson v. Blande, 2 Burr 1086, 1 Vez., Jr., 426, 3 Vez., Jr., 135; 14 Vin. 448; Obermyer v. Nichols, 6 Binn. 166.

This court has been extremely liberal in construing our interest statute in favor of the rights of creditors to receive interest as an incident of the debt.

Armijo v. Mountain Electric Co., 67 Pac. 729.

The right of the plaintiff in error to recover from the defendant in error, one fifth of the rents collected by him being established, their right to interest on the money so collected is clear.

Rust v. Rust, 17 W. Va. 901; Dodson v. Hays, 20 W. Va. 577; Scott v. Guernsey, 60 Barb. 163; same case, 48 N. Y. —; Spalding v. Mason, 161 U. S. 395; Crescent Mining Co. v. Wasatch Mining Co., 151 U. S. 323; Wood v. Robins, 11 Mass. 504.

As to the taxes paid after suit brought, defendant in error was a mere volunteer, and they are not entitled to have the taxes paid by them refunded by the successful party.

Homestead Co. v. Railroad, 17 Wall. 166.

The uniform current of authority is in accord with the foregoing decision of the Supreme Court of the United States.

Keater v. Col. Coal., etc., Co., 32 Pac. 857; Ellsworth v. Kandall, 78 Ia. 525; Washington Ice Co. v. Webster, 68 Me. 467; Scharfbillig v. Scharfbillig, 51 Minn. 349.

The repairs made by defendant in error were not improvements or betterments of the property. The law on this point is clearly laid down by the Supreme Court of Iowa.

Austin v. Barret, 44 Iowa 491; see also, Crest v. Jack, 3 Watts. 238; Givens v. McCalmont, 4 Wattz. 460; Dech's Appeal, 57 Pa. St. 472; Rathbun v. Colton, 15 Pick. 486; Pickering v. Pickering, 63 N. H. 470; Graham v. Pierce, 19 Gratt. 28; same case, 100 Am. Dec. 658.

WILLIAM B. CHILDERS for defendant in error.

The appellant was not in this case in position to raise the question of the statute of limitations on appeal.

Neher v. Armijo, 66 Pac. 518.

In a case in equity, the disabilities of infancy and coverture, to avoid the statute of limitations, should be alleged in the bill, or amendments thereto.

13 Ency. of Pl. and Pr., 259; Kilton v. Kilton, 20 Mo. 530; Pratt v. Vottier, 9 Peters 416.

If neither of the parties apply the payment to any particular claim, the law will apply it to the oldest debt or as may be just.

Wood on Limitations, sec. 110, p. 239.

Section 2916 of Compiled Laws 1897 is applicable.

Mitchell v. Mitchell, 10 Md. 234; Cunningham v. Bailey, 26 Ga. 553; Jackson v. Wood, 24 Wendell 443.

As to interest, it is first necessary that the amount be ascertained, or be susceptible of ascertainment. There was no determination in favor of the plaintiffs in error that they were entitled to any share in the property or rents and profits until the judgment was rendered in the ejectment suit.

Thorndike v. Wells Mem. Assn., 146 Mass. 619, 16 N. E. 747.

An unliquidated claim with reference to interest is one which one of the parties to the contract cannot alone render certain.

16 Am. and Eng. Ency. of Law, 1016; Harvey v. Hamilton, 155 Ill. 379, 40 N. E. 593; Roberts v. Prior, 20 Ga. 561.

No demand was made until the cross-complaint was filed. "Demand is necessary where money is paid under mutual mistake, or for the conversion of property, or where the money of one person has come into the hands of another who is not chargeable with any default or wrong in respect thereto."

16 Am. and Eng. Ency. of Law, 1020; Ordway v. Colcord, 96 Mass. 59; U. S. v. Curtis, 100 U. S. 123; see also 87 Am. Dec. 750-2, note; Nashua and Ry. Co. v. Boston, etc., 61 Fed. 238.

Interest is sometimes refused on the ground of laches.

Redfield v. Irons, 110 U. S. 174; U. S. v. Sanborn, 135 U. S. 271; Redfield v. Bartels, 139 U. S. 694.

"Money voluntarily left by a principal in the hands of an agent, lies without interest until some request, or occurrence changes the character of the detention."

> Bischoffsheim v. Boltzer, 21 Fed. 531;
> Sneed v. Hauley, 22 Fed. Cases, No. 13136;
> Tyne v. Parkam's Exec., 66 Ala. 424; Cases
> cited in 29 Cent. Digest, column 179, sec. 101;
> Talbot v. National Bank, 129 Mass. 67.

"The general rule touching money paid by mistake is that prior to demand by suit, or otherwise, the recipient is in no default, and, therefore, is not chargeable with interest."

> Georgia Ry. v. Banking Co., 10 S. E. 237;
> Sibley v. Willard, 17 N. W. 338; 31 Minn. 204;
> Crawford's Admin. v. Smith, 23 S. E. 235; 93
> Va. 623; Ashurst v. Field, 28 N. J. Eq. 315;
> Ashurst v. Potter, 29 N. J. Eq. 625; King v.
> Diel, 9 Serg. & R. 409.

Interest is never recoverable for detention of money where delay is caused by the neglect of the party entitled to receive it.

> U. S. v. Sanborn, 135 U. S. 281; Thompson v. Fullenwider, 5 Ill. App. 551; Adams
> Express Company v. Multon, 74 Ky. (11
> Bush.) 49; Mulliday v. Mochises' Admin., 4
> Gratt. 1; Gould v. Emmerson, 160 Mass. 438,
> 35 N. E. 1065; Waltrus v. Wassels, 20 Ark.
> 410, 28 L. R. A. 853, note.

In a suit for partition all equities may be considered and adjusted including taxes.

> Freeman on Cotenancy and Partition,
> secs. 505, 506.

And for sums paid for assessments and for keeping premises in ordinary repair.

> Freeman on Cotenancy and Partition, sec.
> 278; see also, Shepard v. Richards, 2 Gray
> 427; 21 Am. and Eng. Ency. of Law. (2 Ed.),
> 1171 and cases cited; Halloway v. Halloway,
> 97 Mo. 628, 10 Am. St. Rep. 339.

A tenant in common of an equity of redemption, redeeming the common property by paying the general

incumbrance cannot redeem merely his share of the land, by paying his share of the incumbrance, but can redeem only by paying the whole incumbrance.

> Lyons v. Robbins, 43 Conn. 513; 17 Am and Eng. Ency. of Law, 685 and 686, (Tenants in Common); Eads v. Rutherford, 114 Ind. —; 5 Am. St. Rep. 611; Downer v. Smith, 38 Vt. 464; Dubois v. Campon, 24 Mich. 360; Chickering v. Faile, 38 Ill. 342; McConnell v. Kompel, 46 Ill. 519.

A cotenant must contribute towards payment of taxes.

> Sears v. Sellen, 28 Iowa 588; Fallon v. Chidester, 4 Iowa 588, 26 Am. Rep. 164; Deming v. Deming, 165 Mass. 230; Goodnow v. Moulton. 2 N. W. 399 (Iowa); Goodnow v. Stryker, 15 N. W. 486 (Iowa).

The doctrine that he who seeks the intervention of a court of equity must first do equity is applicable in this case.

> Am. Emigrant Co. v. Iowa R. L. Co., 3 N. W. 91 (Iowa).

The amount paid in taxes and in redeeming the land from tax sale, is also a proper deduction to be made from the gross rents of the property, etc.

> McLay v. Arnett, 2 S. W. 75 (Ark.); Hurley v. Hurley, 2 L. R. A. 172 (Mass.), and note; Ward v. Ward, 29 L. R. A. 452.

"Permanent and useful improvements made upon the land, may be given in evidence in mitigation of damages, in an action of trespass for mesne profits, brought after recovery in ejectment."

> Gill v. Patten, 1 Cranch —; 10 Fed. Rep. Case No. 5428; Wells v. Riley, 2 Dill. 566; 29 Fed. Rep. Case No. 17404; Semple v. Bank of British Columbia, 5 Sawy. 394; 21 Fed. Rep. Case No. 12660; Bright v. Boyd, 2 Story 605, 1 Story 4784, and third case Nos. 1875 and

1876 and see also, Kanawha Co. v. Kanawha Co., 7 Blach. 391, 14 Fed. Case No. 7606; Green v. Biddle, 8 Wheat 179; Canal Bank v. Hudson, 111 U. S. 81; Griswold v. Bragg, 48 Fed. 521; Hodgkins v. Price, 141 Mass. 163; Gage v. Gage, 28 L. R. A. 854.

The right to rents and profits, and to set-off for repairs and expenses, while not recognized at common law, is correlative in an accounting in equity.

Davis v. Chapman, 36 Fed. 42; see also Rufness v. Lewis, 7 Leigh 720, 30 Am. Dec. 513; Hannan v. Osborn, 4 Paige 336; Tyner v. Fenner, 4 Lev. 469; Mahoney v. Mahoney, 65 Ill. 406.

### STATEMENT OF THE CASE.

This cause was before this court upon appeal and the judgment of the lower court was affirmed. Neher v. Armijo, 66 Pac. 518. At that time the present plaintiff in error sought to have this court review the action of the court below in holding adversely to their interests in some particulars, but this court declined to do so, they having taken no cross-appeal. They thereupon sued out this writ of error and bring the same before this court at this time.

This was a suit for partition brought by the defendant in error against the plaintiffs in error and also seeking for a recovery against them for certain improvements erected by him upon the premises and for certain repairs made and taxes paid by him. The plaintiffs in error filed a cross-complaint seeking a recovery for rents and profits received by the defendant in error from the estate. The cross-complaint was filed by the plaintiff in error on January 9, 1899. Recovery was had by plaintiffs in error for rents and profits accruing during a period of years and extending down to August 6, 1896,

the date of the institution of an ejectment proceeding by them against defendant in error for the possession of their interest in the premises. A portion of the recovery was had for rents and profits accruing more than four years prior to the filing of the cross-bill in this case. The defendant in error sought on the former appeal to review the action of the lower court in awarding to the plaintiffs in error any rents and profits accruing more than four years prior to the filing of their cross-complaint. Relief was denied by this court for the reason that proper exception was not saved in the court below. The court below denied to plaintiffs in error interest on the rents and profits which they recovered and of which they now complain. The defendant in error is now in position to invoke the statute of limitations against the recovery sought by plaintiffs in error for interest.

### OPINION OF THE COURT.

PARKER, J. (after stating the foregoing facts).— The first question presented is as to when the statute of limitations begins to run against a cotenant who seeks to recover his share of the rents and profits of the common estate. It may be stated generally that the statute of limitations operates upon causes of action between cotenants to the same extent as between persons not within the relation of cotenancy. The difficulty arises in determining when the statute begins to run. In regard to the possession of the subject of cotenancy, there is a presumption that the cotenant is merely exercising the right which the law gives him, and this presumption must in some way be overcome before the possession becomes adverse and the statute of limitation is set in motion. Freeman, Coten. & Par., sec. 221. This presumption may be overcome in many ways, such as direct notice of adverse holding to the ousted tenant, demand and refusal to be let into possession, or

entry, claiming title under a deed purporting to convey the whole title. Freeman, Coten. & Par., sec 224; 1 Cyc. 1078. As to these parties we determined upon appeal of the ejectment action that adverse possession by the defendant in error was initiated by his entry under a deed purporting to convey the whole title and claiming the same thereunder. Neher v. Armijo, 9 N. M. 325. Such a possession by a cotenant must be taken notice of by his cotenants and, if allowed to continue for the time fixed by the statute of limitations will ripen into a perfect title as against the ousted cotenant. Freeman, Coten. & Par., sec. 373; 1 Cyc. 1078.

But in regard to the time when the statute of limitations begins to run in favor of a cotenant as to rents and profits received by him over and above his just share, there is much difference of opinion. At common law an ousted cotenant could maintain ejectment and after recovery could maintain trespass for mesne profits against his cotenant. But where there was no ouster the common law furnished no remedy against the cotenant for rents and profits received by him above his just share, except where he was appointed the bailiff of his cotenant. Freeman Coten. & Par., sec. 269; 17 A. and E. Ency. Law (2 Ed.), 688. To remedy this defect the statute of 2 and 5 Anne, ch. 16, sec. 27 was passed, which statute is substantially re-enacted or adopted as a part of the common law in nearly all the states. 17 A. and E. Ency. Law (2 Ed.), 688; Freeman Coten. & Par., secs. 270, 272. That statute created a new relation between cotenants, similar to that of principal and agent or trustee and *cestui que trust*. This being so, the statute of limitations could be set in motion as to rents and profits received by one cotenant only under such circumstances as would operate in favor of a trustee, such as a repudiation of the relation and adverse holding to the knowledge of the beneficiary. Northcot v. Casper, 6 Ired. Eq. 306; Huff v. McDonald, 22 Ga. 164; Robinson v. Robinson, 173 Mass. 233; McGowan v. Bailey, 179 Pa.

St. 470; Almy v. Daniels, 15 R. I. 312. This doctrine is denied and is said not to be the prevailing one. Freeman Coten. & Par., 373.

However, in our view of the case it becomes unnecessary to determine which of the two doctrines is the better. All the cases agree that a repudiation of the relation of cotenancy and adverse holding at once starts the running of the statute of limitations, both as to the possession and the rents and profits received. 17 A. and E. Ency. Law (2 Ed.), 697. This repudiation of the relation is usually evidenced by a demand to be let into possession and a refusal, in other words an actual ouster or by a demand and refusal to account for rents and profits received. In such case no difficulty in determining when the statute was set in motion could arise.

In this case it appears from the pleadings that the plaintiffs in error brought ejectment against their cotenant, the defendant in error, on August 28, 1896, but it does not appear that plaintiffs in error ever had actual notice of the adverse holding by defendant in error prior to that time. If the statute of limitations was first set in motion upon the filing of the ejectment suit then the filing of the cross-complaint by plaintiffs in error, on January 9, 1899, was within the four year period of limitation, and their recovery was in all respects rightful.

It appears however that the entry of defendant in error was long prior to the beginning of the four-year period ante-dating the filing of the cross-complaint. We held (9 N. M. 325), that this entry by the defendant in error was an ouster of the plaintiffs in error. It was not an actual ouster in the sense that notice was brought home to the cotenants of the adverse holding. It was what we may call a constructive ouster, but one which the law recognizes as sufficient to put the cotenant upon notice and to start the running of the statute of limitations at least as to the possession. No good reason can be assigned, it seems to us, for holding this construc-

tive ouster anything less than the legal equivalent of an actual ouster. It it is sufficient to put the cotenants upon notice as to their right of possession and title, it certainly should be sufficient to put them on notice as to their claim for rents and profits. The title and possession are the principal things; the rents and profits incidental thereto.

We therefore hold that the entry of the defendant in error, claiming title under his deed purporting to convey the whole estate, operated as a constructive ouster and notice to his cotenants sufficient to start the statute of limitations in his favor as to the rents and profits received by him. It may be here noticed that at least one of the plaintiffs in error was an infant at the time of the filing of the cross-complaint, but the disability of infancy is not pleaded nor is it relied upon in the case.

It follows that the plaintiffs in error rightfully recovered their share of the rents and profits in controversy during the four years next prior to the filing of their cross-complaint on January 9, 1899, and that their recovery for rents and profits accruing prior thereto was unjustifiable.

The next question presented is in regard to the allowance of interest upon rents and profits received by the defendant in error and adjudged to be due the plaintiffs in error. Plaintiffs in error seek to found their claim for interest upon section 2550 of the Compiled Laws of 1897, which provides that interest shall be allowed at six per cent "on money received to the use of another and retained without the owner's consent, expressed or implied." In view of the provisions of this statute and of the facts in this case, it becomes unnecessary to attempt to trace the various principles upon which interest is allowed in the several States. This statute provides that interest shall be allowed upon money received to the use of another and retained by the recipient. In order to avoid the payment of interest the owner's consent, either express or implied

must appear. There was no express consent in this case, nor do we think any implied consent is shown. It is to be remembered that the defendant in error came into this estate a stranger to any relation with the plaintiff in error except such as the law imposed, and held adversely from the beginning. He held in hostility to all the world, both as to possession and rents and profits. The mere failure to demand, under such circumstances, it seems could not be construed to amount to an implied consent to the retention of the rents and profits. It might well be that where the relation of cotenancy had been established and recognized between cotenants, a failure to demand an accounting might be held to amount to an implied consent to the retention of the rents and profits. But as to this we are not called upon to decide, and interest, even under such circumstances, has often been allowed. See Huff v. McDonald, 22 Ga. 131; McGowan v. Bailey, 179 Pa. St. 470; Scott v. Guernsey, 60 Barb. 163, 180; Earley v. Friend, 16 Gratt. (Va.) 21, 58. This view of the statute would seem to meet every requirement of justice between cotenants. If one receives his cotenant's share and has the benefit of its use, he ought in equity to pay interest unless his cotenant consented to such retention and use.

The next point presented is as to the allowance to defendant in error for taxes paid by him for the years 1896, 1897 and 1898. It appears that the defendant in error returned the whole property for taxation in his own name and paid taxes, and at a time when the plaintiffs in error were litigating with him for an interest in the same. The mistake of the defendant in error in deeming himself the sole owner was one of law. He was a volunteer when he paid the taxes on the interest in the premises belonging to the plaintiffs in error. Homestead Co. v. Railroad, 17 Wall. (U. S.) 166. He could not maintain an action for contribution against them. O'Hara v. Quinn, 20 R. I. 176.

But in this case a different question is presented.

Armijo v. Neher.

The plaintiffs in error come into a court of equity and ask its aid for an accounting of the proceeds of this property. They certainly have, in the absence of any wrongdoing on the part of the defendant in error, no right to more than their share of what the property has produced. If it appeared that the property had been returned at more than its value, or in bad faith, by the defendant in error for the purpose of embarrassing the plaintiffs in error it might authorize a court of equity in refusing to take the taxes paid into the account. But here only a just share of the public burdens has been charged upon this property by the act of the defendant in error and of the discharge of that burden by the defendant in error, the plaintiffs in error have had the advantage and benefit. it would violate the maxim, "He who seeks equity must do equity," to allow the plaintiff in error to take the proceeds of this property and not contribute their share of its public burdens. See Parks v. Watson, 20 Fed. 764, per Brewer, J.

The next point is as to the allowance to defendant in error for certain repairs and improvements for which the plaintiffs in error were charged forty-six dollars and twenty cents as their share. As to the repairs it is not shown that they were necessary further than is to be inferred from the fact that they were made. As to the improvements it is not shown that they increased the rental value of the premises or that they added to its permanent value, except that the defendant in error testified that his improvements had enhanced the value of the premises about five hundred dollars. His total expenditures for such purposes, however amount, to only two hundred and thirty-one dollars. It is impossible to determine from the testimony whether the repairs were necessary and whether the improvements added to the rental or permanent value of the premises. Counsel for plaintiffs in error concedes that were these facts made to appear, plaintiffs in error would be prop-

erly chargeable with their share of the cost. He simply contends against the allowance because not shown to be of benefit to his clients. This position is we think well taken.

It follows from the foregoing that the plaintiffs in error are entitled to interest on each monthly receipt of rents and profits accruing within four years prior to the filing of their cross-complaint on January 9, 1899 and amounting to $263.54 together with $46.20 erroneously charged against them for repairs and improvements, making a total of $309.74 for which judgment will be rendered against defendant in error in this court.

Mills, C. J., Baker and McFie, JJ., concur.