[No. 9404.   Department Two.   June 2, 1911.]

## CHARLES VIETZEN et al., *Respondents*, v. J. T. OTIS et al., *Appellants*.[1]

TAXATION — PAYMENT — EQUITABLE LIEN FOR PAYMENT.   Where taxes are compromised by one claiming ownership of the land of another, his equitable lien therefor is limited to the sum actually paid, and cannot be extended to cover the original tax or services in making the payment.

TAXATION—RECOVERY OF TAXES PAID—INTEREST.  Rem. & Bal. Code, § 9233, providing that the occupant or tenant or any other person paying taxes on real estate which ought to have been paid by the owner, lessor or party in interest, may recover the same, with interest at ten per cent, has no application to payments by parties claiming to own the land and making payment for themselves; since the statute was intended to protect parties who pay taxes for the use of other persons, and the rule of *ejusdem generis* applies in the construction of the words "any other person."

Appeal from a judgment of the superior court for Thurston county, Sheeks, J., entered August 15, 1910, in favor of the plaintiffs, for the amount of a lien for taxes paid, and interest, in an action to quiet title.   Affirmed.

*Troy & Sturdevant*, for appellants.

*McCafferty, Robinson & Godfrey*, for respondents.

[1]Reported in 115 Pac. 858.

MORRIS, J.—This appeal is the aftermath of *Vietzen v. Otis,* 46 Wash. 402, 90 Pac. 264, to which case reference may be had for a full statement of the facts. The judgment in the first case quieted the title in respondents, subject to a lien in favor of appellants for all taxes paid, with legal interest, and remanded the case to the lower court to ascertain the amount of such taxes and the extent of the lien. In doing so, it appears that the total amount of taxes against the property amounted to $2,084.09, which appellants compromised with the county by the payment of $1,000. They sought, however, to sustain their lien in the sum of $2,084.09, upon the theory that they were the assignees of the county and as such were entitled, as against respondents, to the amount first claimed by the county, irrespective of the amount paid in settlement of such claim.

We cannot so hold. Under repeated announcements of this court, appellants were entitled to an equitable lien upon the property for taxes paid by them in good faith under a claim of ownership; but such lien could not extend beyond the amount paid by them in protecting what they conceived to be their title to the property, and was intended to reimburse them for the payment of charges which inured to the benefit of the property. Although defeated in their claim of title, having preserved the property for the true owner, they were in equity entitled to the money necessarily expended in removing any claim the county might have asserted for its unpaid taxes. This amount was the sum of $1,000. Irrespective of what was due, the county accepted such sum in full payment. Equity would not recognize a claim greater than the cost to appellants, since it is only by giving effect to such equitable rule that there could be any recovery. For the same reasons the lower court was justified in refusing to compensate appellants for what they conceived to be the value of their services in bringing about this compromise.

The judgment directed the amount paid as taxes should bear interest at the legal rate. Rem. & Bal. Code, § 9233, reads:

"When any tax on real estate is paid by or collected of any occupant or tenant, or any other person, which, by agreement or otherwise, ought to have been paid by the owner, lessor or other party in interest, such occupant, tenant or other person may recover by action the amount which such owner, lessor or party in interest ought to have paid, with interest thereon at the rate of ten per cent per annum."

Appellants claim they come within this section and should recover ten per cent interest, while the court only awarded them interest at six per cent. This section covers payment of taxes by occupants or tenants, or other persons not claiming ownership in real property, but seeking to protect their possession or leasehold interest, in paying taxes that should have been paid by the owner, but because of whose failure to pay, the property becomes subject to a sale for unpaid taxes, under which the rights of the occupant or tenant might be terminated or interfered with, to prevent which the statutory lien is given. Appellants are not such as are here described. They paid these taxes as owners, claiming ownership and title, and assuming primary liability for such payment. They did not pay another person's taxes to protect any interest they had by way of lease or occupancy, intending to assert a lien against the owner. They paid what they assumed to be the taxes on their own land, for their own benefit, and with no thought of seeking a repayment from others. Such being the evident purpose of the statute, and the intention of appellants in making the payment, the rule of *ejusdem generis* applies; appellants being neither occupants nor tenants, nor included in the statutory meaning "any other person," such designation referring to those and those only whose relation to the property is of the same nature as "occupant or tenant," or one whose relation to the property grows out of or is subject to superior title in

the owner. That the court at the time of rendering its former judgment had this construction in mind, is evident from the language then used in awarding the lien, not as a statutory or legal right, but one resting alone in equity because paid in good faith under an invalid claim of ownership.

We hold with the lower court in its entry of judgment, and the same is affirmed.

DUNBAR, C. J., CHADWICK, ELLIS, and CROW, JJ., concur.