[No. 13429.  Department Two.  July 11, 1916.]

## GEORGE E. WISWELL, *Respondent*, v. W. W. BECK, *Appellant*.[1]

TAXATION—RECOVERY OF TAX PAID—MISTAKE—RIGHTS OF PAYER—
SUBSEQUENT CONVEYANCE—STATUTES. Rem. & Bal. Code, § 9277, pro-
viding that a property owner who pays taxes on the land of another
by mistake may demand reimbursement and if refused, may sur-
render the tax receipts and take out a certificate of delinquency, is
based on the continuing ownership of the land, and has no applica-
tion where the land has been transferred to a *bona fide* purchaser
who has relied on the records showing payment of the taxes.

SAME. The payer of taxes on the land of another by mistake has
no common law right of lien or reimbursement, as against a *bona
fide* purchaser of the land who obtained the treasurer's certificate
that the taxes were paid; the state's lien for unpaid taxes not being
transferred in such case, as against an innocent purchaser; especially
in view of the maxim that, where one of two innocent parties must
suffer through the act of another, the loss must fall upon the party
who made the loss possible.

SAME. Rem. & Bal. Code, § 9233, allowing recovery for taxes paid
by persons obligated to pay the same has no application to a prop-
erty owner paying taxes on the land of another through mistake.

Appeal from a judgment of the superior court for King
county, Frater, J., entered January 19, 1916, upon findings
in favor of the plaintiff, in an action to quiet title, tried to
the court.  Affirmed.

*S. D. Wingate*, for appellant.
*James Kiefer*, for respondent.

HOLCOMB, J.—This action is to quiet title to a certain
tract of land situated in King county.  After a trial before
the court without a jury, findings and judgment in conform-
ity with the prayer for relief were entered, from which this
appeal is taken.  The material facts, as found by the court,
are briefly these:  Prior to November 21, 1914, N. B. Beck

[1]Reported in 158 Pac. 976.

and wife were the owners of the premises in controversy, subject to a mortgage held by respondent upon which there was still due the sum of $2,800. As N. B. Beck was not able to make his payments on the note and mortgage, he entered into negotiations with respondent which culminated on November 21, 1914, in the transfer of this property by N. B. Beck and wife to respondent by a quitclaim deed in full satisfaction of the note and mortgage. Before respondent would accept this deed he caused to be made a search of the records in the office of the treasurer of King county, who certified in writing that all taxes on the property to date were paid. Appellant is the brother of N. B. Beck and owns a tract of land immediately adjoining the lands in question, and on June 29, 1914, appellant, as he claims by mistake, paid taxes on the lands here involved for the year 1913, and redeemed them from a certificate of delinquency issued to another for delinquent taxes assessed against them for the years 1911 and 1912. In February, 1915, appellant, having found out his alleged mistake, demanded from respondent payment of the money so paid out by him for taxes. This demand was refused, and since these taxes were claimed by appellant to have been paid by mistake, a certificate of delinquency was then demanded and was issued to appellant by the county treasurer under the provisions of Rem. & Bal. Code, § 9277, which we quote:

"If any property owner shall pay taxes on the property of another by mistake of any kind, and the owner of such property fails or refuses, after thirty days' demand, to reimburse such payer before the date on which the delinquency certificates are issued, as provided in this chapter, the payer, or his assignee, may surrender the tax receipt given for such tax payment to the county treasurer and take a certificate of delinquency in lieu thereof, on payment of the accrued interest thereon."

Respondent then instituted this action to have the cloud created by this certificate of delinquency removed, with the result as stated above.

Granting that these taxes were paid by appellant by mistake, we think that, neither under the statute, Rem. & Bal. Code, § 9277, nor the common law, is there any authority which makes it incumbent on a purchaser of property in good faith to go any further than to ascertain if the taxes are paid, it not being necessary to discover who paid them. We think this statute is based on the continuing ownership of the property, and is not applicable where the land is transferred to a *bona fide* purchaser without notice who has searched the records and found from them that the taxes are paid, and who would not have purchased the property had he known that it was subject to a tax lien. The wording of the statute seems to support this construction, as it is evident that the words "owner of such property" mean the owner of the property at the time the taxes became delinquent, as the object of this statute was to give a lien to a person paying taxes on property by mistake as against the owner of the property at that time whose duty to the state it was to pay the taxes; and since the payer has performed this duty of the owner, it is just and equitable that the owner should be made to reimburse the payer who has performed the owner's duty to the state by mistake. In the instant case, there was no duty to pay these taxes imposed upon respondent by law or otherwise, as he was not the owner of the property at the time the taxes became delinquent or when paid by appellant, nor would he have accepted the property if he had known that there was a tax lien outstanding against it.

Nor do we think appellant's contention can be sustained under the common law, for while the general rule is that a purchaser of property must be deemed to have notice of the tax lien, it does not necessarily follow that such purchaser is deemed to have notice of who paid the taxes and whether or not they were paid by mistake, when he has a certificate of the treasurer that the taxes are paid. In this case the respondent has taken notice of the tax lien of the state by securing such certificate, and the payment thereof extinguishes

the lien of the state, and this lien is not transferred to appellant by reason of his payment of the taxes as against respondent, a purchaser in good faith without notice.

Appellant cites *Parks v. Watson*, 20 Fed. 764, in support of his theory that the lien of the state for unpaid taxes is transferred to a person paying the taxes by mistake; but the court also said in supporting this rule that it was the property owner's duty to pay the taxes, and if he refused to do so and they were paid by another, he cannot be relieved of the cloud created by a tax until he has refunded the money to the person so paying the taxes; showing conclusively that this rule is based on the assumption that the ownership of the property is a continuing one.

*Packwood v. Briggs*, 25 Wash. 530, 65 Pac. 846; *Burgert v. Caroline*, 31 Wash. 62, 71 Pac. 724, 96 Am. St. 889, and *Vietzen v. Otis*, 63 Wash. 411, 115 Pac. 858, are also relied on by appellant as authorities supporting the rule that the payer of taxes on the premises of another has a lien on the property therefor. These cases present situations where the person paying the taxes has some right or claim of ownership in the property and makes the payment for the purpose of protecting this claim or right, and not by mistake, and so far as the facts appear, the ownership was a continuing one or the vendee had notice of the tax lien claimed by the payer, and for these reasons are distinguishable. The whole theory of these cases, holding that the state's lien is transferred to the payer of taxes on property of which he is not the owner, is that the payer has performed a duty which was by law imposed upon the owner who neglected to perform it, and that no hardship will be worked on the owner in performing this duty to the payer who has performed his (the owner's) duty to the state. It is apparent that this rule is not applicable to the present case on account of the subsequent transfer of the property to an innocent purchaser without notice of the claim of the alleged mistaken payer.

Finally, to allow appellant to prevail would violate the well established maxim that where one of two innocent parties must suffer through the misrepresentation of a third party, the one whose mistake or negligence made such injury possible must bear the loss, as it was the negligence of appellant in paying taxes on the wrong property which induced respondent to take this property from N. B. Beck in satisfaction of the mortgage, relying on the record showing the taxes fully paid, and by obtaining the certificate of the treasurer to that effect, respondent omitted nothing that equity or fair dealing could require of him.

Appellant also relies on Rem. & Bal. Code, § 9233, but an examination of that statute discloses that it only allows a recovery for taxes paid out by a certain class of persons against some one who was obligated to pay the taxes, and is practically the common law rule enacted in the form of a statute.

The judgment is affirmed.

Morris, C. J., Bausman, Main, and Parker, JJ., concur.