[No. 4245.   Decided July 17, 1902.]

F. L. DENMAN, *Appellant*, v. E. STEINBACH *et al., Respondents.*

QUIETING TITLE — REMOVING CLOUD CREATED BY TAX SALE — TENDER OF TAXES.

The owner of land sold for delinquent taxes cannot maintain an action to quiet title without tendering defendant the amount paid by him, with interest, on account of such delinquent taxes, although defendant's incipient title under the tax sale may have become null and void for failure to perfect it within the statutory time, since such failure would not extinguish the lien itself as provided by Laws 1893, p. 361, § 88, which declares that "the taxes assessed upon real property shall be a lien thereon from and including the first day of April in the year in which they are levied, until the same are paid."

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge.   Affirmed.

*A. H. Denman,* for appellant.

*Stiles & Nash,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—Appellant brought this action in the court below to quiet his title to certain lots in the city of Tacoma. These lots had been previously sold for taxes, and cer-

tificates of sale issued to defendants. A demurrer to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action was sustained by the court. The plaintiff stood upon the allegations of his complaint, and from an order of dismissal this appeal is prosecuted. The complaint alleges, in substance: (1) That plaintiff is the owner of certain certificates of delinquency issued in 1898 for taxes delinquent for the years 1894 and 1895 on the city lots described; (2) that plaintiff has paid the taxes levied upon the said property for the years 1896, 1897, 1898, 1899, 1900; (3) that defendants are the owners of certificates of purchase issued on tax sales in June, 1894, for taxes due in 1890, 1891 and 1892; (4) that defendants have failed and neglected to take any steps prescribed by statute to procure deeds upon any of the said certificates of purchase, or to pay any taxes upon said property subsequent to the time the certificates were issued, except that defendant Steinbach in the year 1895 paid taxes on a part of the said lots for the year 1894, but since said time they have suffered taxes to become delinquent, and certificates of delinquency to be issued to plaintiff, as set out in paragraph 1; (5) that the owners of the land, being unable to redeem, and in order to avoid the foreclosure of the certificates of delinquency held by plaintiff, deeded to plaintiff all their right, title, and interest in and to the premises; (6) that the failure of defendants to pay taxes for past years or to prosecute their liens which once existed, constitutes an abandonment thereof, and that defendants claim an interest in said premises against plaintiff, which claim is a cloud upon plaintiff's title; (7) that plaintiff is the owner in fee and in possession, and entitled to the possession, of the premises. Prayer for the removal of the cloud and for equitable relief follows.

The defendants insist that before the plaintiff can maintain this action he must first pay or tender to defendants the amount of taxes paid by them. The plaintiff maintains that, because defendants neglected to perfect their title to the property within the time allowed by law, the lien has ceased, and there is no obligation on him to pay. Plaintiff alleges in his complaint that defendants, after purchasing the lots in 1894, permitted taxes to become delinquent, and that certificates of delinquency were issued to him; that, in order to avoid foreclosure, the original owner deeded the property to the plaintiff. He did not foreclose his certificates of delinquency for years subsequent to the purchase by the defendants, and thereby bar all prior incumbrances, and he therefore can claim no greater rights than the original owner, in whose place he now stands, with reference to the taxes against the property. Whatever outstanding incumbrances exist against the property in the original owner exist also against the plaintiff. Plaintiff maintains that, because defendants did not comply with the laws of 1893 under which the certificates of sale now held by defendants were issued, and obtain a title to the lands under their purchase within four years, the lien was thereby extinguished. The sections of the law of 1893, amended in 1895, are as follows:

"Sec. 130. At any time after the expiration of three years from the date of sale of any real estate for taxes or assessments, penalties, interest and costs, if the same shall not have been redeemed, the county treasurer, on request and on the production of the certificate of purchase, and upon compliance with the three preceding sections, shall execute and deliver under his hand and seal to the purchaser, his heirs or assigns, a deed of conveyance for the .real estate described in such certificate." Laws 1895, p. 524.

"Sec. 133. Unless the holder of the certificate for real estate purchased at any tax sale under this act takes out a deed as entitled by law, and files the same for record within one year from and after the time he is entitled to such deed, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null. . . . Laws 1893, p. 383.

It is alleged that defendants did not comply with the provisions of the statute. Under these sections of the law, if defendants desired to perfect their incipient title to the lots so as to cut off the rights of the owner to redeem the property, it became necessary for them to procure and record a deed within the time allowed therefor. Not having done so, the deed, the certificates of sale, and the sale itself became absolutely null, and defendants are therefore without a remedy to acquire the title to the property.

But it does not follow that, because the sale and all proceedings thereunder became null by lapse of time, the lien also ceased to exist, for it is provided in § 88, Laws 1893, p. 361:

"The taxes assessed upon real property shall be a lien thereon from and including the first day of April in the year in which they are levied, until the same are paid."

When the legislature provided that, if the purchaser at a delinquent tax sale neglected to perfect his title within a certain time, the sale should be null, it did not mean to say more. It was held by this court in *Port Townsend v. Eisenbeis,* 28 Wash. 533 (68 Pac. 1045), that, where municipal taxes are made a lien until paid, the general statute of limitations does not run against the lien. This being true, the lien for unpaid taxes assessed in 1895 and prior years exists in favor of the state until paid. If this were an action to enjoin the sale of the land for taxes, or to enjoin the collection of a tax, or an action at law for

the recovery of property sold for taxes, the statute, at § 5678, Bal. Code, provides that the person bringing the action shall first pay or tender the amount of taxes justly due and unpaid, before he can maintain the action. While this action is not one to recover the property, it is an action to remove a cloud; and it seems, upon principle, that as just a rule should prevail in equity as prevails at law. There is no claim here that the taxes assessed and paid by defendants in 1894 and 1895 were not justly and equitably chargeable upon the lands, nor is there any claim that the owner has paid them. But he now seeks in equity to remove whatever cloud or lien there may be upon his land, simply because the time for defendants to acquire the title thereto has gone by. It seems that plaintiff ought not to be permitted to maintain his action in equity to remove an existing lien for taxes until he has done equity himself. The language of Justice BREWER, in the case of *Parks v. Watson*, 20 Fed. 764, is particularly applicable to the case at bar. It is there said:

"This is an equitable action, and in it each party must be required to do equity. The court will inquire, not simply as to the legal, but also as to the equitable, rights. Every owner of property owes the duty of contributing in taxes his just proportion of the expenses of maintaining the government. The complainant in this case neglected that duty, and the defendants discharged it for him. The state has a lien on the land for all taxes until they are paid. Comp. St. Neb. p. 426, § 138. When paid by other than the owner of the land, the state must be considered as transferring its lien to such party; and the only way in which equity should relieve the owner from the burden of such lien is by payment. It will not do to say that if, in consequence of the defects in the proceedings, the lien was in no condition to be enforced by the state, the purchaser at the tax sale took nothing; because it is within the undoubted power of the state, if tax proceedings are

defective, to renew them again and again, and until they result in the payment of the tax. If one, without stopping to question the regularity of the proceedings, comes forward and pays the tax, he ought to be entitled, not merely to the benefit of the proceedings then already had, but also to the full benefit of all the state's rights. The inquiry, therefore, is not whether the taxes are legal in the sense that the proceedings are all regular and correct, and such that a full title to the land could be obtained by carrying them on to completion, but whether they are legal in the sense that they are just and equitable impositions upon the land. In other words, was the land subject to taxation? was the tax authorized by law and imposed by the proper tribunal? were the proceedings so far in substantial compliance with the statute that the court can see that, equitably, the lot-owner should have paid the taxes,—that they were simply his just contribution to the support of the government? If so, before the court will relieve him from the cloud of a tax deed, it should require payment by him of such taxes and interest."

See, also, *Packwood v. Briggs,* 25 Wash. 530 (65 Pac. 846).

For the reasons above given, we are of the opinion that, before the plaintiff can maintain this action, he must pay or tender the amount of the taxes paid by defendants, with legal interest from the time of payment.

The judgment of the lower court will therefore be affirmed.

REAVIS, C. J., and ANDERS, HADLEY, FULLERTON, WHITE and DUNBAR, JJ., concur.