[No. 6537.    Decided March 4, 1907.]

MINNIE A. SLEEPER, *Appellant*, v. GEORGE W. BRAGDON
et al., *Respondents*.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDOR—ELECTION—
NOTICE—SUFFICIENCY. Where a contract for the sale of land provided
for a forfeiture at the election of the vendors, in case the payments
were not made in time, and time for making the second payment
was extended to a day certain, notice given by the vendors prior to
such day that they elected to cancel the contract on that day if the
payment should not be made on that day or before, is a sufficient
act forfeiting the contract without further notice.

SAME—PERFORMANCE BY VENDEE—TENDER—SUFFICIENCY. Where a
contract for the sale of land provides for a certain payment, with
an option in the vendee to take a deed upon giving a mortgage back
for the balance due, a tender of the payment with such a mortgage
executed by an attorney in fact is insufficient as a tender of per-
formance where the power of attorney authorizing the execution of
the mortgage was not produced.

SAME—RESCISSION BY VENDOR—NOTICE. A contract for the sale
of lands making time of the essence, and providing that, upon de-
fault in payments to be made, the contract may be forfeited and
determined at the election of the vendors, will be enforced by the
courts according to its terms, and is forfeited by notice to that effect
after default.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered July 19, 1906, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action to enforce specific
performance of a contract to sell real estate.    Affirmed.

*Byers & Byers*, for appellant.
*Richard Saxe Jones*, for respondents.

HADLEY, C. J.—This is an action to enforce specific per-
formance of a contract concerning the sale of real estate.

[1]Reported in 88 Pac. 1036.

The defendants George W. Bragdon and wife were, on July 11, 1905, the owners of the property in question, and on that day they executed with the plaintiff a written contract of the following import: The said defendants were to sell and the plaintiff was to buy the land, at the price of $3,000. Eight hundred dollars was paid in cash as earnest money, and the further sum of $1,000 was to be paid on or before November 1, 1905, and the additional sum of $1,200 on or before the 11th day of July, 1906, with interest upon said sums at the rate of six per cent per annum. The land was to be conveyed by a good and sufficient deed when the purchase price was fully paid, or at the option of the purchaser, on payment of the $1,000 due November 1, 1905, a deed should be given and a mortgage made to the vendor to secure the last payment of $1,200. Time was made of the essence of the contract, and it was provided that in case of failure of the purchaser to make either of the payments, the contract should be forfeited and determined at the election of the vendor, the payment theretofore made upon the contract should be forfeited and should be retained by the vendor in satisfaction and liquidation of damages, and the vendor should have the right to re-enter and take possession. The plaintiff alleges that, in pursuance of the contract, she took possession of the property, and that she has ever since remained in possession thereof; that she has performed all the conditions of the agreement which were to be performed on her part; that on or about March 26, 1906, she tendered to the vendors the sum of $1,097, together with a mortgage upon the premises to secure the remaining payment, and demanded a deed from the defendants which was refused; that the defendants did not at any time prior to said tender elect to declare the contract forfeited, and they did not notify plaintiff of such election at any time prior to the tender. By the complaint it is sought to compel the execution of a deed to plaintiff or, in the event the contract cannot be specifically performed, recovery of $1,000 is asked. Certain other persons were made

defendants and issues were joined as to their claims against the property in question. But the only questions material to this appeal are those between the plaintiff and the said vendors.

The answer and cross-complaint of the vendors admits the execution of the contract, and that $800 was paid in July, 1905, but alleges that the plaintiff has neither paid any other sum nor performed any of the conditions in the contract set forth. It is admitted that the plaintiff took possession in July, 1905, and that she has ever since been in possession, although it is alleged that possession has often been demanded by the defendants and cross-complainants before the commencement of this action. It is alleged that in the month of November, 1905, plaintiff requested from defendants an extension of time in which to make the payment of $1,000, which by the contract was to be made on the 1st day of November; that the defendants agreed to extend the time until January 10, 1906, and notified the plaintiff that unless the payment was made on the last-named day, the contract would be cancelled on that day, and that the cross-complainants under the conditions of the said contract elected and determined to cancel the contract and forfeit the payments theretofore made on said 10th day of January, 1906, unless the plaintiff should make the $1,000 payment with interest before said date; that on said 10th day of January the plaintiff notified the defendants in writing of her full understanding of said agreement of extension, and again in writing asked a further extension, which the defendants refused to grant, and did not grant; that on the 24th day of February, 1906, the defendants notified the plaintiff in writing of their election to cancel the contract. It is also alleged that a further notice in writing was given on March 24, 1906, and demand for possession made which was refused, and that the plaintiff wrongfully and unlawfully retained possession of the property, and has so done since January 10, 1906. The defendants and cross-complainants ask that

judgment shall be entered cancelling said contract and award-
ing damages and a writ of restitution directing possession
to be given to the defendants and cross-complainants.   The
cause was tried by the court without a jury, resulting in a
judgment that the contract be annulled and that cross-
complainants are the owners of the property and are entitled
to the possession thereof; that the plaintiff and her agents
are unlawfully in possession, and that a writ of restitution
shall issue to place the cross-complainants in possession.   The
plaintiff has appealed.

It is contended by appellant that there was no evidence that
any notice of cancellation of the contract was given to the
appellant prior to March 27, 1906, the day following a
tender which appellant says was made March 26, and which
she also contends was a sufficient tender.   The trial court
found that prior to January 10, 1906, the respondents noti-
fied appellant that, unless said payment was made on said
date, the contract would be cancelled, and that they had
elected and determined to cancel it on said date.   It was
also found that on said date the contract was completely
cancelled, with the full knowledge of the plaintiff.   We think
the finding is supported by the evidence.   The evidence of
respondents is to the effect that, when the extension was
granted, the respondents notified appellant that they then
elected to cancel the contract, if the payment should not be
made on or before January 10, 1906.   A letter written by
appellant bearing date January 10, 1906, was introduced in
evidence.   It shows clearly that she was notified of the elec-
tion to cancel if the payment was not made on or before that
date.   She was thus notified in advance that the respondents
had already elected and declared that the contract should be
cancelled on January 10, unless she made the payment on
that day or before.   She therefore knew that by her own
act in defaulting, the cancellation was completed and she
was not entitled to any further notice.   However, the court
found that notice of cancellation was also given in writing on

February 24, 1906. The evidence shows that such notice was prepared and mailed although appellant claims that she did not receive it. The evidence is such, however, that we should not feel justified in disturbing the finding as to that notice. Again, the court found that another written notice of the cancellation was given March 27, 1906. This notice is not disputed, but it is claimed that a sufficient tender was made the day before, and that the notice was therefore too late. If appellant's argument as to this being the first notice of the cancellation should prevail, the sufficiency of the tender would therefore become material.

It will be remembered that under the terms of the contract, the appellant at her option might make the second payment and then demand a deed, giving. a mortgage back to secure the third and last payment. The tender which was made included the cash for the second payment, accompanied by a mortgage to secure the last payment. The tendered mortgage bore the date of March 26, and was acknowledged the same day by appellant through her purported attorney in fact. The evidence shows that the power of attorney, which it is claimed gave the authority to make the mortgage, could not have reached this state so as to have been seen and examined by respondents at the time the tender was made. It was introduced in evidence, and shows that it was acknowledged by appellant in Minneapolis, Minnesota, on March 24. The testimony of postal experts showed that it could not have been transferred to Seattle before the tender of the mortgage was made. Appellant argues that this is immaterial if the fact be that the power of attorney existed when the mortgage was made. We think that for the purposes of the tender, it is material. Respondents were called upon to act promptly and either to accept or reject the tender, and the thing tendered should have borne upon its face the evidence of its sufficiency. Respondents were not required to hunt up the evidence of its sufficiency, and they were not under obligations to point out wherein the tender

was insufficient. It was rather the duty of appellant to see that a tender in all respects sufficient was made. So that, even if appellant's view should prevail, that she was not notified of the cancellation until March 27, the fact remains that she had made no sufficient tender before that time, and under either view, as we have discussed it, we think the contract has been cancelled and appellant's rights under it forfeited.

The evidence does not disclose a case of inability to meet the payments, or one of circumstances appealing to equity, as reasonable excuses for defaulting in payment, so much as one of apparent neglect. On November 19, 1905, we find appellant for the first time writing respondents about the payment which was due November 1, and asking for an extension. Again, after the extension was made, until January 10, with the knowledge that the contract would then become cancelled if she did not pay, she waited until that very day and then wrote respondents from Minneapolis, addressing them in Seattle, asking for still further time. The contract is specific in its terms, and was evidently made to meet such apparent indifference and neglect. Time is not only of its essence, but it expressly provides that, upon failure to make either of the payments, all payments theretofore made shall be forfeited, and shall be retained by respondents who shall also be given possession of the land. No sufficient reason appears in this case why the contract so made shall not be enforced against appellant according to its terms. The authorities cited by appellant are to the effect that, even when time is of the essence of a contract and when a default in payment has been made, those facts standing alone do not establish a forfeiture; but that some affirmative action in the way of declaring a forfeiture must have been taken by him who asserts a forfeiture. We have seen that such affirmative action was taken by the respondents in this case. The principles stated by the cited authorities are sound and reiterate the well-known doctrine that equity abhors a forfeiture, but they do not undertake to change the rule of equity that legal con-

tracts will be enforced as made and in accordance with the acts of the parties thereunder.

The judgment is affirmed.

CROW, FULLERTON, RUDKIN, DUNBAR, MOUNT, and ROOT, JJ., concur.