[No. 12291.   Department Two.   October 14, 1915.]

CHARLES JOHNSON, *an Insane Person, by his Guardian etc.,* *Respondent,* v. C. D. ALEXANDER, *Appellant.*[1]

PLEADING—AMENDMENT—ANSWER—ABUSE OF DISCRETION. It is an abuse of discretion, resulting in substantial injustice, to refuse leave to make a trial amendment of an answer in an action to recover money paid on a "rescinded" contract for the sale of land, where the allegation in the complaint that the contract had been "rescinded" was met by a general denial, and at the opening of the trial counsel for defendant stated that the defense would be that the contract had been "forfeited" for the defaults in payment, whereupon the trial proceeded; as the defendant was deprived of opportunity to set up his only affirmative defense, that of forfeiture of the contract.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 11, 1914, upon findings in favor of the plaintiff, in an action to recover money paid, tried to the court. Reversed.

*Geo. B. Cole* and *John Wesley Dolby,* for appellant.

*Saunders & Nelson,* for respondent.

PER CURIAM.—This is an action by Adolph Erickson, as guardian of Charles Johnson, an insane person, to recover

[1]Reported in 151 Pac. 1121.

money paid by Johnson on the purchase price of certain lots in Ballard, Washington, under a contract of sale from Alexander, dated October 7, 1907. The return of the purchase price was sought on the ground that the contract had been *rescinded* by the vendor. As this appeal involves the question whether the trial court abused his discretion in refusing to permit an amendment to the answer, it will be necessary to set out the pleadings at some length. The contract, which was set out in full in the complaint, was the usual form of real estate contract. One of its provisions was that, upon the failure of Johnson to make prompt payments, the contract might "be *forfeited* and determined at the election of" the appellant, and all payments retained by him in full satisfaction of all damages sustained. The complaint alleged the payment of the money sought to be recovered, the insanity of Johnson at the time the contract was executed, an adjudication of his insanity by the superior court in King county on August 14, 1913, the appointment of the respondent as his guardian, and that the appellant had "*rescinded* and annulled the contract hereinbefore set out and repossessed himself of the premises therein described and the whole thereof, and conveyed the same to an innocent third party for value." The complaint was dated November 10, 1913.

On December 30, the appellant served on Erickson an unverified answer, which denied the insanity of Johnson and the adjudication thereof, admitted the execution of the contract and the payments, and that "said contract was thereafter rescinded and annulled." Before the case came on for hearing, the appellant served and filed an amended answer, properly verified, which admitted the execution of the contract, denied the insanity of Johnson when the contract was executed, denied the adjudication of his insanity and appointment of Erickson as guardian, admitted the payment, and denied each and every other allegation of the complaint. With the pleadings in this condition, the cause came on for trial.

When the case was called, counsel for the appellant, in response to an inquiry by the court, stated that the defense would be, "that this party [Johnson] bought this land upon contract, with the usual forfeiture clause in it that in the event he did not make his payments that he should forfeit the payments which he had made; that he forfeited these payments, and suit was brought to quiet title to the property by Mr. Alexander; and prior to this time the defendant, Mr. Alexander, conveyed the property to the United States Realty Company, which is a corporation. Mr. Johnson had forfeited his contract by reason of not keeping up his payments." The court then stated: "I understand that suit to quiet title was brought against him, and that his claim under the contract was forfeited." The respondent then proceeded to introduce testimony touching Johnson's insanity. Upon the conclusion of the testimony, the court held that it was insufficient to warrant a finding of Johnson's insanity at the time the contract was executed or at the time the rescission was alleged to have been made. The appellant then asked leave to amend his answer by pleading the suit of the United States Realty Company against Johnson, in which any claim to the property by Johnson had been quieted. The respondent objected to the amendment, on the ground that, as the complaint alleged that defendant (appellant) had "*rescinded* and annulled the contract," which was admitted by the answers, to allow the amendment would be permitting the defendant (appellant) to add a defense not raised by the pleadings, which would make the defense that the contract had been forfeited. Permission to amend was refused on the ground that the record in the suit to quiet title would not be a prior adjudication of the forfeiture. Leave to amend by adding a denial of the rescission and affirmatively pleading a forfeiture was also refused. The respondent then asked for judgment on the pleadings, and the trial court held that the respondent, having alleged a rescission of the contract by the appellant—which was not denied by the appellant, had proved the rescission,

and allowed the respondent to recover the purchase money. Judgment was entered in accord with the findings.

The principal ground urged for a reversal of the judgment is an abuse of discretion by the trial court in not allowing the amendments. The matter of amendments rests largely in the discretion of the trial court, and we are loath to interfere with the rulings made, and will never interfere with the discretion of the court in such matters unless it plainly appears that substantial injustice has been done by the abuse of discretion. It seems to us, however, that in this case substantial injustice has been done to the appellant. If the contract was rescinded by the appellant, the respondent would be entitled to a recovery of the purchase price, as a rescission includes the idea of restoration of both parties to their *status quo* and the return by each to the other of the consideration given and received. *Reiger v. Turley*, 151 Iowa 491, 131 N. W. 866. If, however, the contract was forfeited, as asserted by the appellant, then under its terms he was entitled to retain the payments. The only defense which the appellant could plead to the allegation that he had rescinded the contract was a denial of the rescission, and an affirmative allegation that it had been forfeited instead.

It seems to us that the trial court erred in finding that appellant had rescinded the contract. An examination of the record discloses that he based his finding on the fact that a rescission had been alleged and not denied by the answers. Although the original answer did admit that the contract had been rescinded, the amended answer, on which the parties went to trial, denied each and every other allegation of the complaint not otherwise denied or admitted. The allegation of rescission, not having been expressly admitted in the amended answer, was thus denied. The decree in the suit to quiet title, which the appellant sought to introduce to prove the forfeiture, would not have been competent for that purpose, there having been in that case no adjudication that Johnson had forfeited his contract, and the court rightfully

refused to allow an amendment for that purpose. But the forfeiture, if there had been one, could doubtless have been proved in some other manner. By the ruling of the trial court, the appellant was deprived of an opportunity to set up his only defense. This, it seems to us, was an abuse of discretion on the part of the court, resulting in substantial injustice to the appellant. In *Cartwright v. Ruffin*, 43 Colo. 377, 96 Pac. 261, it was said:

"From necessity, greater liberality exists in allowing amendments to answers than in amending complaints. Plaintiff may always, in the absence of counter-claim or cross-complaint, dismiss his action and begin anew; and, in any event, the case tried upon the cause of action stated in his complaint and an adverse decision thereon does not prevent him from instituting a new suit on another different and distinct cause of action. But the defendant is not so fortunate. If by mistake he pleads an ineffective or insufficient defense, to say that he may not, by amendment, bring in a good defense, is to inflict a drastic penalty for his inadvertence or mistake; this penalty virtually denies him his day in court; for the judgment for plaintiff, which he is powerless to prevent, will preclude him, not only as to defenses pleaded, but also as to defenses which he might have pleaded but did not. Hence it is that, especially under code practice, the courts are more liberal in permitting the amendment of answers than in allowing the amendment of complaints; and this liberality is sometimes extended to the admission of entirely new defenses."

The judgment of the trial court is therefore reversed, and the cause remanded for further proceedings consistent with this opinion.