[No. 15322.   Department Two.   October 22, 1919.]

JAMES STRANG, *Respondent*, v. EMIL PERSON *et al.*, *Appellants*.[1]

PLEADING (72, 147)—JUDGMENT ON PLEADINGS—ADMISSION.  Under Rem. Code, § 278, providing for judgment on the pleadings on plaintiff's failure to reply, read in connection with other parts of the practice act allowing amendments, relief from defaults, and for trial on the merits when justice demands it, a reply admitting the mutual rescission of an executory contract for the sale of lands does not conclusively presume an obligation to return the purchase price so as to entitle defendant to judgment on the pleadings.

VENDOR AND PURCHASER (43, 44, 159)—MUTUAL AGREEMENT—REPAYMENT OF PRICE.  A mere mutual rescission does not conclusively presume an agreement to return the purchase price, as a contract is implied and the return may have been waived.

PLEADING (72, 149)—REPLY — ADMISSIONS — JUDGMENT ON PLEADINGS.  Where defendant set up a mutual rescission of an executory contract for the sale of lands, a reply admitting that the contract was "rescinded and forfeited" and denying that defendant was damaged, is not such an unqualified admission of the facts as to entitle plaintiff to judgment on the pleadings, after a trial on the merits, in view of the power of the court to relieve from defaults or consider the pleading amended to conform to proofs.

PLEADING (104, 121) — AMENDMENTS — TO CONFORM TO PROOF — REPLY.  Where a trial on the merits was entered into and proceeded without objection to the form of a reply containing an admission, upon oral objection at the trial, the court could consider it amended to conform to proofs, and did so in effect by overruling a motion for judgment and determining the case on the merits.

APPEAL (267)—RECORD — EVIDENCE — NECESSITY — ALLOWANCE OF AMENDMENTS TO PLEADINGS.  In the absence of the evidence in the record, error or abuse of discretion in treating the pleadings amended to conform to the proofs cannot be reviewed.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 18, 1919, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

[1]Reported in 185 Pac. 944.

*F. E. Langford, Lucius G. Nash,* and *P. C. Shine,* for appellants.

*John Salisbury,* for respondent.

Fullerton, J.—The respondent brought this action against the appellants to recover upon certain promissory notes, and to foreclose a chattel mortgage given to secure the same. The complaint was in the form usual in such cases. The appellants, in their answer, did not question the allegations concerning the execution of the notes and mortgage, nor the allegation of nonpayment of the obligation represented thereby, but defended by way of counterclaim. These defenses were two in number, pleaded separately. In the paragraph numbered one of the first of these, it was alleged that, coincident with the execution of the notes and mortgages sued upon, and as a part of the same transaction, the respondent and the appellants entered into a conditional sale contract, wherein the respondent agreed to sell, and the appellants agreed to buy, certain real property for a consideration of $4,000; $800 of which was paid on the execution of the contract, and the balance agreed to be paid in yearly installments of $800 each, with interest at seven per cent per annum on the deferred payments. In paragraph two it was alleged that, on a date prior to the commencement of the foreclosure action, the respondent and appellants "mutually rescinded and annulled the said contract of purchase," and that the appellants, at the instance and request of the respondent, "surrendered possession of said lands and said written contract for the purchase of such lands" to the respondent, who has since had possession and control of the same. It was further alleged that the respondent then and there refused, and still refuses, to repay to the appellants the amount paid by them on the purchase of the land, although

often requested so to do, to their damage in the sum of $800, with interest from the date of the rescission.

In the second affirmative defense, the appellants, in the first paragraph thereof, repeated paragraph one of their first defense. In the subsequent paragraphs, they alleged that they were induced to enter into the contract because of false and fraudulent representations made by the respondent concerning the condition of the land and the water supply available for irrigating the same; that, relying upon such false and fraudulent representations, they had planted the land to crops, which failed to mature for want of water, whereby they had been damaged in loss of labor and in loss of the crops in the sum of $500. In their prayer they asked to recover the sum of $500 suffered as damages; and the sum of $800 paid on the purchase price of the land, with lawful interest thereon, less the amount due on the promissory notes sued upon by the plaintiff.

To the answer, the respondent replied in the following language:

"Comes now the above named plaintiff and replying to defendants' purported first affirmative defense and cross-complaint and the allegations therein set forth as contained in their answer, allege and deny as follows, to wit: Plaintiff admits the execution of the contract as alleged in paragraph one of said first purported affirmative defense, but deny that the said contract was any part of the mortgage sued upon in plaintiff's complaint, as alleged in said paragraph; Plaintiff admits that the said contract was rescinded and forfeited, and forfeited as alleged, in paragraph 2, of said first affirmative defense and counterclaim, and admits that plaintiff refused to refund the said $800, but deny that such refusal was to the damage of defendant in any sum whatever.

"Replying to defendants' purported second affirmative defense and counterclaim, plaintiff admits the allegation in paragraph one, of said purported affirmative

defense; but denies the allegations set forth in paragraphs No. 2, 3, 4, 5 and 6, of said purported third affirmative defense and counterclaim.

"Wherefore, having fully replied to defendants purported counterclaims and cross-complaint, plaintiff prays judgment as prayed for in his said complaint."

On the issues thus framed, a trial was entered upon, in which, according to the recitals made in the findings of fact of the court, testimony in support of their respective allegations was introduced by each of the parties. While the trial was in progress, the appellants moved orally, and, at the conclusion of the evidence, obtained leave of court and filed a written motion for judgment on the pleadings; the motion as filed reciting that it was based upon the respondent's complaint, the appellants' first defense, and the respondent's reply thereto, "and the records and pleadings on file in this action." On the same day an order was filed denying the motion. The court thereupon made findings of fact, in which it found the facts concerning the making of the notes and the execution of the mortgage in accordance with the allegations of the complaint. On the appellants' first affirmative defense, it found that the contract therein set forth had been forfeited and not mutually rescinded, and did not form the basis for a counterclaim; and on the second, that it did not constitute a legal defense to the complaint. Conclusions of law were made corresponding with the findings, and based on these, a decree was entered dismissing the affirmative defenses, the first with prejudice, and the second without prejudice, and allowing the respondent to recover in accordance with the allegations of his complaint.

In their notice of appeal the appellants recite that they appeal from the order of the court denying their motion for judgment on the pleadings, and from the

final judgment entered in the cause. The appeal is before us on the clerk's transcript of the record, the evidence not having been preserved or brought here for review.

The sole assignment of error is on the ruling of the court denying their motion for judgment on the pleadings. The appellants contend that the reply of the respondent to the affirmative matter in their first affirmative answer admitted a mutual rescission of the contract of sale set forth therein, and contend further that, because of such mutual rescission, they are entitled to a repayment of the money paid by them upon the contract. From these premises the conclusion is drawn that they were entitled to offset the sum paid against the amounts due on the notes sued upon by the respondent, and since this sum is larger than the amount so due, are entitled to a judgment for the difference.

The statute (Rem. Code, § 278), provides that, if the answer contain a statement of new matter constituting a defense or counterclaim, and the plaintiff fail to reply or demur thereto within the time prescribed by law, the defendant may move the court for such judgment as he is entitled to on the pleadings; and we have held that, where an executory contract for the sale of land is mutually rescinded and nothing further appears, there is an implied obligation on the part of the one receiving money under such a contract to repay it to the person from whom it was received. *Ankeny v. Clark,* 1 Wash. 549, 20 Pac. 583; *Jones v. Grove,* 76 Wash. 19, 135 Pac. 488; *Jackson v. White,* 104 Wash. 643, 177 Pac. 667; *Connelly v. Malloy,* 106 Wash. 464, 180 Pac. 469.

But the statute is not so far imperative as to admit of no exceptions or no relief from the situation defined, nor does a mutual rescission of a contract, such

as the one in contemplation, always imperatively imply an obligation to repay. The language of the statute is limited in terms to a case where there is a default on the part of the plaintiff, although it is probable that a formal admission of new matter constituting a defense would, under our practice, permit of the remedy of a motion for judgment on the pleadings. But, however this may be, the statute must be read in connection with other statutes relating to the practice. We have statutes allowing amendments to pleadings, and statutes permitting the trial court to relieve from defaults; statutes intended to secure a trial on the merits when justice demands it, notwithstanding a party may have placed himself in a position where, under the strict rules of practice, the other party can move for the summary remedy. Nor does the mutual rescission of an executory contract to purchase lands conclusively presume an obligation to return the purchase price paid. A mutual rescission implies a contract between the parties, and it can be a part of such a contract that the party making the payments waives its return in consideration of being relieved from the other obligations of the contract. In case of a waiver, no one would contend that there could be a recovery. The rule, therefore, applies only in those cases where there is a mutual rescission and nothing more, not where the parties have agreed, or where the circumstances of the rescission imply an agreement, that there shall be no return. So, in the case before us, if it be conceded that there was such a default as the statute contemplates, it was within the power of the court to relieve from that default, and if there was an admission in the pleadings of a mutual rescission of the contract without more, it was within the power of the court to relieve from such admission.

Since, therefore, the rules for which the appellants contend are not imperatively applicable in all instances, the query remains, are they applicable to the record in the present case. We think they are not. The respondent was not in default for want of a reply, nor does the reply interposed unqualifiedly admit the allegations of the answer. Seemingly the pleader did not clearly appreciate the distinction between a rescission and a forfeiture of a contract, and the admission is that the contract was "rescinded and forfeited, and forfeited as alleged" in the answer, treating the terms rescission and forfeiture as if they were synonymous. While this is followed by an admission that the sum paid on the contract price of the land had not been returned, this is followed in turn by a denial of the allegations in the answer to the effect that the failure to make such return resulted in damage to the appellants. It seems plain to us, therefore, that the reply was not such an unqualified admission of the facts as must be made to sustain the appellants' contention, and that we could not so hold did nothing more appear in the record.

But the record shows much more than this. It shows that the appellants entered upon the trial of the cause without objecting to the sufficiency of the reply, and offered evidence at the trial as if the particular question was a question at issue between the parties, making their objection to the sufficiency of the reply, first, orally, while the trial was proceeding, and formally, in writing, after it had been concluded. Since the trial court has power to relieve from defaults and power to grant trial amendments, it had the right at that time to exercise these powers, and to treat the pleadings as amended to correspond with the issues suggested by the facts. This it, in effect, did when it overruled the

motion and determined the cause as the merits appeared to it from the evidence of the parties.

The question whether the facts shown justified the court's conclusions is not before us. This could only be determined by a review of the evidence, which, as we have before stated, is not in the record. The evidence is necessary, also, to a review of the question whether there was an abuse of discretion in treating the pleadings as amended; the record, aside from the evidence, showing no such abuse.

The judgment is affirmed.

HOLCOMB, C. J., PARKER, MOUNT, and BRIDGES, JJ., concur.