[No. 18334.   Department Two.   April 1, 1924.]

ALZINA A. BODIN, *Respondent*, v. GEORGE A. WILCOX, *Appellant.*[1]

VENDOR AND PURCHASER (48, 53, 54)—FORFEITURE—ESTOPPEL OR WAIVER—NECESSITY OF DEMAND AND NOTICE. There was a waiver of the vendor's right to declare a forfeiture where he agreed that payment should be held in abeyance during the pendency of an action for divorce; and irrespective of any separate consideration, he could declare a forfeiture only after demand and the allowance of a reasonable time for compliance.

SAME (66)—RESCISSION BY VENDEE—TENDER—NECESSITY. Where a vendor stated that he could not accept payment because he had transferred his interest, the vendee need not make a tender, and is justified in dealing with the vendor's assignee, and owed no duty to grantor on the assignee's repudiation of the contract.

SAME (66). A tender is not a condition precedent to an action by a vendee for recovery of the purchase money, where the vendor's assignee demanded the payment of $1,000 in addition to the amount due on the contract.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 13, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Z. B. Rawson,* for appellant.

*H. A. Martin* and *Albert D. Martin,* for respondent.

FULLERTON, J.—In the instant case the respondent, Bodin, recovered from the appellant, Wilcox, for moneys paid upon a real estate contract. The action was tried to the court and a jury, and the judgment is upon the jury's verdict.

On July 11, 1921, a contract was entered into between appellant on the one part and the respondent and her then husband on the other, by which the appellant agreed to sell, and the respondent and her husband

[1]Reported in 224 Pac. 558.

agreed to buy, some five acres of land situated in King county, Washington. The total price, as stipulated in the contract, was $3,705. An initial payment of $1,310 was made at the time of the execution of the contract, and the balance was agreed to be paid in monthly installments of $30 each, with interest on the unpaid balance at the rate of seven per cent per annum. Time was made of the essence of the contract; and the contract contained a stipulation to the effect that, if the payments were not paid as specified, it should become null and void at the option of the vendor. The first installment of the contract was paid some days after it fell due, and the second, payable in September, 1921, was paid in the following month. No further payments were made on the contract. The purchasers took possession of the property shortly after the execution of the contract and placed certain improvements thereon.

Shortly after the execution of the contract, a divorce action was instituted between the respondent and her husband which culminated, on January 27, 1922, in a divorce in favor of the respondent. In the decree the entire interest of the husband in the real property was awarded to the respondent. During the pendency of the action the appellant conveyed the land to one McKay, subject, however, to the contract. While title was held by him, and while the divorce action was pending, the appellant was approached by both respondent and her husband and was questioned with respect to making payments upon the contract as they became due. Appellant gave assurance of his willingness that the payments remain in abeyance until the termination of the divorce action, stating to them that further arrangements could be made on the termination of that action. Shortly after respondent had secured the divorce, she again asked appellant about making the

payments. He replied that he could not receive the payments as the property had been transferred to McKay. The respondent, having secured McKay's address, wrote him several letters in regard to payments, none of which were answered. McKay was then absent from the state of Washington, and, without notice of any sort and without demand for payment, served a notice of' forfeiture upon the respondent. The respondent tendered him the total unpaid balance due upon the contract. McKay refused the tender and refused to carry out the contract, except on condition that he be paid $1,000 more than the purchase price stipulated in the contract.

It is contended that respondent was actually in default, and that the declaration of forfeiture was legally sufficient to terminate the respondent's rights under the contract. But the vendor had waived his right of forfeiture by the extension of the time in which payment could be made. In order for him, or his grantee, thereafter effectively to declare a forfeiture, it was necessary to make a demand for payment and allow the respondent a reasonable time in which to make payment. *Douglas v. Hanbury,* 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096; *McGuire v. Morford,* 113 Wash. 540, 194 Pac. 783. It is immaterial whether the extension of time or the indulgence granted was upon a separate consideration or not. *Toplitz v. Bauer,* 161 N. Y. 325, 55 N. E. 1059.

It is further contended that the respondent made no tender to the appellant. But this was not necessary. The appellant, when approached by the respondent for the purpose of making arrangements to resume payments after the termination of the divorce action, stated to her that he could not accept payments as he had transferred all of his interest in the property. Clearly, she was then justified in attempting to deal

with his vendee, and owed no duty to return to him after his vendee had repudiated the contract.

It is argued, also that the evidence is insufficient to authorize a finding that a tender had been made to McKay. It is our view that there was such evidence, but it is immaterial whether or not such tender was made. The evidence very clearly shows that McKay refused to deal with the respondent except on the condition that she would pay $1,000 in addition to the amount due on the contract. A tender, therefore, was not a condition precedent to the right to the maintenance of an action for the return of the money advanced upon the contract and the value of the improvements made upon the property. *Gibson v. Rouse,* 81 Wash. 102, 142 Pac. 464.

The judgment is affirmed.

MAIN, C. J., BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.