[No. 19766. Department Two. October 4, 1926.]

HANS REINERTSON, *Respondent*, v. HENRY P. GRANT
*et al., Appellants.*[1]

[1] VENDOR AND PURCHASER (54)—RESCISSION BY VENDOR—NECESSITY
FOR NOTICE. After the voluntary extension of the time for the
payment of an installment of the purchase money, the right to
forfeit the contract for default is waived until notice of inten-
tion to do so, with a reasonable time within which to make all
payments due.

[2] SAME (54). In such a case, the extension of but one installment
waives provisions for forfeiture in case of subsequent defaults,
until notice given.

Appeal from a judgment of the superior court for
King county, Douglas, J., entered September 29, 1925,
upon findings in favor of the plaintiff, in an action to
enforce a contract to convey land, tried to the court.
Affirmed.

*Reynolds, Ballinger & Hutson,* for appellant.
*E. P. Whiting,* for respondent.

MAIN, J.—The plaintiff brought this action to enforce
the specific performance of a real estate contract. The
defendants, by cross-complaint, sought to have the
contract declared forfeited and a decree quieting the
title to the property covered thereby in them. The
cause was tried to the court without a jury and re-
sulted in a judgment ordering specific performance by
the defendants, from which they appeal.

The facts essential to be stated are these: On April
12, 1924, the appellants, being then the owners of a cer-
tain tract of land in Seattle, contracted to sell the same
to the respondent for the sum of $3,400. The contract
recites that five hundred dollars was paid at the time

[1]Reported in 249 Pac. 493.

of its execution. It provides that seven hundred dollars shall be paid on or before six months from the date thereof and $2,200 on or before one year. It further provides that time shall be the essence thereof. The seven hundred dollar payment became due on October 12, 1924, and was not then paid.

On November 7, the appellant H. P. Grant, who will be referred to as though he were the only party involved on that side of the action, wrote the defendant as follows:

"Please be advised that your payment of $700 with interest to date, $24.50, making a balance due of $724.50 was due October 12th on the real estate contract given Mr. Grant April 12th, 1924. Please send us your check to cover this at once and oblige."

The letter was signed by H. P. Grant Investment Co. A few days later, the respondent visited the appellant's office and the matter of the payment was there discussed. The appellant says that, at this time, he agreed to an extension of thirty days or until December 12. The respondent says that the appellant agreed to an extension until the first of the succeeding year, or about the first thereof. On January 9, 1925, the appellant wrote the respondent as follows:

"You promised to make your October 12th payment on December 12th and I wish you would be good enough to take care of this without any further delay."

After this, nothing was done until February 6, 1925, when the appellant sent to the respondent a written notice that the contract was forfeited and determined. A few days later, the respondent tendered to the appellant the seven hundred dollar payment together with the interest then due. This payment was refused by the appellant on the ground that the contract had been forfeited. On March 23, 1925, the respondent

tendered to the appellant the sum of $3,334 to cover the entire unpaid purchase price and interest and demanded a deed to the property. This tender was refused on the same ground as the prior one. Soon thereafter the present action was brought to compel specific performance of the contract and resulted as above indicated.

[1] The question is whether, at the time the forfeiture notice was served, the appellant could then forfeit the contract without first having given notice of his intention so to do, with a reasonable time within which the respondent could perform. When the appellant extended the time of payment, either for thirty days as he contends or until about the first of the coming year as the respondent contends, that extension operated as a waiver of the forfeiture provision of the contract for the time being. In *Douglas v. Hanbury*, 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096, it was said:

"But the rule is equally well established that the right of forfeiture must be clearly and unequivocally proved, and that the right may be waived by extending the time for payment, or by indulgences granted to the purchaser."

In *Bodin v. Wilcox*, 129 Wash. 208, 224 Pac. 558, it was said:

"But the vendor had waived his right of forfeiture by the extension of the time in which payment could be made."

While the facts in those cases are not the same as those in the case now before us, the doctrine is unequivocally stated that the extension of time in which payment could be made is a waiver of the right of forfeiture.

The forfeiture provision of the contract having been waived by the extension of time, the appellant could not take advantage of it thereafter without having first

given notice of an intention so to do with a reasonable time within which the appellant could perform. *Walker v. McMurchie*, 61 Wash. 489, 112 Pac. 500; *Opsjon v. Engebo*, 73 Wash. 324, 131 Pac. 1146; *Wadham v. McVicar*, 115 Wash. 503, 197 Pac. 616.

[2] The appellant argues that the mere fact of an extension of time on one installment would not waive the provisions for forfeiture, in case of default as to subsequent payments. This argument overlooks the effect of the waiver by extension of time. Such an extension operates upon the forfeiture provision of the contract, and it is that that is waived and which cannot be again taken advantage of without first having given the one in default notice, with a reasonable time within which to perform. The case of *Sleeper v. Bragdon,* 45 Wash. 562, 88 Pac. 1036, is different from the one now before us. There the purchaser was notified of the election to forfeit, if the payment was not made on or before a certain date. It was there said:

"The evidence of respondents is to the effect that, when the extension was granted, the respondents notified appellant that they then elected to cancel the contract, if the payment should not be made on or before January 10, 1906. A letter written by appellant bearing date January 10, 1906, was introduced in evidence. It shows clearly that she was notified of the election to cancel if the payment was not made on or before that date. She was thus notified in advance that the respondents had already elected and declared that the contract should be cancelled on January 10, unless she made the payment on that day or before. She therefore knew that by her own act in defaulting, the cancellation was completed and she was not entitled to any further notice."

Neither of the letters written by the appellant to the respondent in this case contained any intimation that

if the payment was not made it should be understood that the contract was forfeited and determined on a day certain. The case of *Wachung Realty & Development Co. v. Llewellyn Holding Corporation*, 96 N. J. Eq. 498, 126 Atl. 326, can be distinguished in the same manner as *Sleeper v. Bragdon, supra.*

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.