[No. 26902.   Department Two.   April 6, 1938.]

W. G. RAY, *Respondent*, v. VESTER E. HILL, *Appellant*.[1]

[1]Reported in 77 P. (2d) 1009.

*Walter Scott Acheson,* for appellant.

*John M. Wilson,* for respondent.

BLAKE, J.—January 29, 1937, plaintiff filed his complaint, describing certain shingle mill machinery, and alleging:

"That on or about the 15th day of August, 1933, the defendant, Vester E. Hill, without the permission of the plaintiff and without any right whatsoever, took possession of said property where it was located at Fairfax, in Pierce county, Washington, and removed the same to a point near Ozette lake, in Clallam county, state of Washington, and has ever since detained, and does now detain possession thereof against the will and without the consent of the plaintiff."

Defendant demurred to the complaint, and filed a "motion for judgment on the pleadings." The court, refusing to rule on the demurrer and motion, entered an order allowing plaintiff to amend his complaint. In the amended complaint, the above quoted allegation was omitted. Instead, it was alleged that the defendant held possession of the property under a lease, executed by the plaintiff's predecessors in interest, and thereafter continued in possession of the property under an agreement with plaintiff to pay the reasonable rental value for its use; that, defendant failing to pay as agreed, demand was, on March 10, 1936, made upon him for possession.

Defendant interposed a motion to strike the amended complaint, which motion was denied. Defendant then answered, admitting that certain of the property described in the amended complaint belonged to plaintiff. Defendant set up three affirmative defenses and counterclaims in justification of his refusal to surrender the property: (1) That he had paid taxes on the property, for which he had a lien, and that he had received a distraint notice from the county treasurer

on account of taxes due on the property in the amount of $25.61; (2) that he had paid to the industrial insurance department $228.95, on account of premiums due in the operation of the shingle mill in 1926, and had received from the industrial insurance department an assignment of the claim of premium; (3) that he had a lien for storage of the property in the amount of six hundred dollars. The plaintiff replied, denying the allegations contained in the counterclaims.

The case was tried to the court, which found that defendant was entitled to recover on his first counterclaim $41.14, representing taxes advanced by the defendant, $228.95 on his second counterclaim, and nothing on his third. The court further found that plaintiff was entitled to an offset of $42.22 against those amounts, and upon payment of the balance, was entitled to possession of the property specifically described in the findings. From judgment entered in accordance with the findings, defendant appeals.

*First:* The appellant urges that the court erred in not sustaining his demurrer to the original complaint, and in not granting his motion for judgment on the pleadings.

So far as the latter is concerned, the court was clearly right in refusing to entertain the motion. In our practice, such a motion has no function before issue is joined. We know of no case where the court has entertained such a motion as an adjunct or substitute for demurrer. To permit the motion for judgment on the pleadings to fulfill the office of the demurrer, would, for all practical purposes, render nugatory statutes permitting amendment to pleadings. See *Pugsley v. Stebbins*, 87 Wash. 187, 151 Pac. 501; *Strang v. Person*, 108 Wash. 503, 185 Pac. 944.

Viewing the cause of action as set up in the original complaint as one for conversion, the complaint

was demurrable, in that it was barred by the statute of limitations. And appellant insists that the court erred in permitting respondent to amend, and in not granting appellant's motion to strike the amended complaint for the reason that the cause of action therein set up was inconsistent with the cause of action alleged in the original complaint.

We think there is no substantial merit in the contention. Although a conversion was alleged in the original complaint, the action in form was one in replevin—the prayer being "for the possession of said property or for the sum of $1,500, the value thereof in case delivery can not be had."

The gist of an action in replevin is in wrongful detention, and not in wrongful taking. *Dow v. Dempsey*, 21 Wash. 86, 57 Pac. 355. And the character of an action in replevin is not changed, even though facts may be alleged and proved which would support an action for conversion. *Hall v. Law Guarantee & Trust Soc.*, 22 Wash. 305, 60 Pac. 643, 79 Am. St. 935. While respondent in this case alleged a conversion, that did not change the character of his cause of action, which contained all the essentials of an action in replevin. Nor did it preclude him from amending to show wrongful detention. 7 Bancroft's Code Practice and Remedies, § 5414. The court did not err in permitting amendment of the complaint. The amended complaint was not vulnerable to demurrer. Nor, as we shall see in discussing the facts in connection with appellant's third counterclaim, was the cause of action barred by the statute of limitations.

*Second:* By his first affirmative defense and counterclaim, appellant seeks to justify his refusal to surrender the property on the ground that he had a lien upon it for taxes paid by him. We have not been referred to any statute which accords a lien to one who

pays taxes on the personal property of another. The statute (Rem. Rev. Stat., § 11263 [P. C. § 6882-102]) does accord a lien to an "occupant or tenant" of land, who pays taxes which "ought to have been paid by the owner." And, independent of the statute, the court has held that, when one has paid taxes on land in good faith, believing it necessary to do so in order to protect an interest in the land, the court will declare an equitable lien for the amount of the taxes paid. *Packwood v. Briggs,* 25 Wash. 530, 65 Pac. 846; *Denman v. Steinbach,* 29 Wash. 179, 69 Pac. 751; *Burgert v. Caroline,* 31 Wash. 62, 71 Pac. 724, 96 Am. St. 889; *Rothchild Bros. v. Rollinger,* 32 Wash. 307, 73 Pac. 367; *Ball v. Clothier,* 34 Wash. 299, 75 Pac. 1099; *Dalgardno v. Barthrop,* 40 Wash. 191, 82 Pac. 285; *Spokane v. Security Sav. Soc.,* 46 Wash. 150, 89 Pac. 466; *Childs v. Smith,* 58 Wash. 148, 107 Pac. 1053; *Dalgardno v. Trumbull,* 61 Wash. 659, 112 Pac. 928.

In the case at bar, the court applied the principle laid down in these cases by allowing appellant the amount of the taxes paid by him. Whether the principle is applicable to the payment of taxes on personal property, it is unnecessary for us to decide, since respondent does not complain of the decree in that particular. The lien, however, came into being by the decree of the court. It was not such as to defeat respondent's action in replevin. It may be, assuming the principle of the above cited cases to be applicable, that, had appellant been claiming only reimbursement for taxes paid, a tender by respondent would have been a prerequisite to his right to maintain an action in replevin. See *Denman v. Steinbach, supra.* But as we proceed, it will appear that, in addition to the taxes, appellant was asserting liens which were utterly untenable.

*Third:* With respect to his second counter-

claim, appellant complains because the court did not allow him some ten years' accumulated interest on the industrial insurance premium paid by him. What we have said in connection with the first counterclaim applies with equal force to this. For the premium exacted under the industrial insurance act has been held to be a license tax. *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; *State v. Mountain Timber Co.,* 75 Wash. 581, 135 Pac. 645, L. R. A. 1917D, 10. Under the authorities cited in subdivision *Second, supra,* appellant is entitled only to reimbursement for the premium actually paid, with interest from date of payment.

*Fourth:* We regard appellant's claim for storage rent under his third counterclaim utterly untenable. It appears that, prior to 1933, this shingle mill equipment had been located at Fairfax, in Pierce county; that appellant, or a corporation known as Hill Mill Company, operated it under lease; that appellant acquired a certain chattel mortgage upon what he supposed to be the entire equipment; that, so apprehending, and presuming that the property had been abandoned by its owner, appellant moved it to, and set it up in, Clallam county, where he operated it for some time before respondent was aware of its removal; that, when respondent demanded the property here in controversy, appellant started an action to foreclose the chattel mortgage; that, in the trial of that action, the trial court held that the chattel mortgage did not cover the equipment with which we are now concerned. Judgment of foreclosure was entered as to other property covered by the chattel mortgage. But against the amount due under the chattel mortgage, the court allowed an offset for the rental value of the equipment here involved in an amount which left a balance of $160.57 due to Hill under the chattel mortgage. Ray paid this amount.

Thereafter, Hill notified Ray that, unless he removed the property from his (Hill's) premises, storage rent would be charged at the rate of $75 a month for a certain length of time, and $150 a month thereafter. We need not discuss whether such a notice would entitle appellant to a lien on the property upon the failure of the respondent to remove it within the time limited by the notice. For it is clear from the record that appellant was never willing to allow respondent to remove the property without payment of the so-called liens claimed by appellant for the taxes and industrial insurance premium. Since appellant had no lien that entitled him to retain possession, his refusal to surrender the property was wrongful. That he is not entitled to rent for storage of property which he maintained in wrongful possession, is hardly open to argument.

*Fifth:* Appellant makes some contention that the judgment in the foreclosure case is *res judicata,* precluding respondent from maintaining this action in replevin. We fail to see how that can be. The underlying theory of that action was that the defendant (respondent here) was the owner of the property. It seems to us that if that judgment determined any issue bearing on this action, it was defendant's ownership and right to possession of the property upon payment of the balance found to be due plaintiff (appellant here) on the chattel mortgage.

Judgment affirmed.

BEALS and MILLARD, JJ., concur.

ROBINSON, J., and STEINERT, C. J., concur in the result.