[No. 26972.   Department One.   August 12, 1938.]

H. D. HALL et al., *Respondents*, v. JOSEPHINE NORDGREN, *Individually and as Executrix, Appellant.*[1]

*James A. Dougan,* for appellant.

*Mark M. Litchman* and *Horace W. Hall,* for respondents.

HOLCOMB, J.—This action was brought by respondent in December, 1936, to cancel a real estate contract. At the time of the trial, eleven thousand dollars was due on the contract, and respondents offered during the trial to deed the property referred to in the contract to appellants upon payment of eight thousand dollars and the taxes.  The trial court held that, unless eight thousand dollars and the outstanding taxes and assessments were paid within six months from the filing of its decree, or in the event of an appeal to this court, within three months from the date of the receipt of the remittitur by the clerk of the superior court, the contract

[1] Reported in 81 P. (2d) 857.

would be canceled, and all moneys already paid by appellants upon the contract would be forfeited as liquidated damages. A motion for a new trial or for a judgment n. o. v. was made and denied. From the judgment so entered, this appeal is taken, but respondents did not cross-appeal.

In their complaint respondents allege that, on November 9, 1936, appellants were in default under the terms of the contract, in that they had failed to pay the semi-annual interest installments due November 4, 1935, May 4, 1936, and November 4, 1936, in the total amount of $810, and had failed to pay the taxes on the property for the years 1933, 1934, and 1935; that, on November 9, 1936, respondents served written notice upon appellants to the effect that, unless installments of interest were paid by December 10, 1936, a forfeiture would be declared under the terms of the contract; and that, by reason of the default, on December 11, 1936, respondents declared the contract forfeited. Respondents further allege that appellants have no right, title, or interest in the real property referred to in the contract, that the contract constitutes a cloud upon respondents' title, and prayed that it be canceled, that the payments made by appellants under the contract be forfeited, and that appellants surrender possession to respondents immediately.

Appellants answered, denying the material allegations of the complaint. As an affirmative defense, appellants allege that, on May 15, 1936, respondents, without any notice to appellants, unlawfully took possession and breached the contract, and prayed for a judgment against respondents.

Respondents replied, denying the allegations in the answer, and alleging that the balance on the contract was due and payable.

The essential facts are these: December 9, 1935,

Otto Nordgren, alias J. Otto Nordgren, was declared incompetent, and Josephine Nordgren was appointed guardian of his estate. After this litigation was instituted, Otto Nordgren died testate, and, his guardian having been appointed executrix of his will, she was substituted in this action as executrix in place of guardian.

November 4, 1927, respondents entered into a conditional sales contract with J. J. Kaufman and I. J. Leonard, under the terms of which respondents agreed to sell the following described real property situated in King county:

"Lots seventeen (17) and eighteen (18), in block one (1) of Central Park Addition to West Seattle."

The purchase price of the above described property was fixed at $12,500, of which the sum of $3,500 was paid at the time of the execution of the contract, leaving a balance due of $9,000, bearing interest at the rate of six per cent per annum, payments on which were to be made semi-annually, and the balance of the purchase price was to be paid on or before November 4, 1937. By the terms of this contract, the vendees also agreed to pay all taxes and assessments which became a lien upon the property in question during the term of the contract. This contract made time of the essence and contained a forfeiture provision, and provided that, in the event the vendees failed to make the payments as specified in the contract, the payments already made by them were to be retained by respondents as liquidated damages. The contract also provided that no waiver of any default on the part of the vendees shall be construed as a waiver of any subsequent default. Upon the execution of this contract, the vendees went into possession.

June 27, 1930, this contract was modified in certain

particulars, not material here, relative to improvements upon the property.

June 27, 1932, Kaufman and Waiva A. Kaufman, his wife, and Leonard assigned all of their right, title, and interest in the aforementioned contract to appellants, and these assignees thereupon entered into and have since remained in possession of the above described property.

The real estate described in the contract was improved with two small buildings, one of which was occupied by respondents and for which they paid rent to appellants of ten dollars per month until November, 1935. The other building located on these premises was occupied by a tenant, Murphy, who was also obligated to pay appellants a rental of ten dollars per month.

Appellants having been delinquent in making payments upon the principal, interest, and taxes upon the property, respondents approached Murphy and told him that he should thenceforth make his payments to them; but since appellant, Mrs. Nordgren, objected to the payments being made in that manner, respondents decided to give appellants an opportunity to meet the deficit on the contract and instructed Murphy to continue to make his rental payments to appellants.

It is significant that, notwithstanding these delinquencies, respondents did not declare a forfeiture of the contract, but extended certain indulgences to appellants to enable them to meet the terms of the contract. Between November, 1935, and May, 1936, appellants, however, made no payments on the contract, and thereupon respondents again called upon appellants and suggested, as they had before, that they be permitted to collect the rent. Appellant, Mrs. Nordgren, replied in substance that, if respondents could collect the rent from Murphy, they would do better

than she could. Then respondents went to Murphy in regard to the payment of the rent, and Murphy went to appellant, Mrs. Nordgren, and advised her that he was desirous of paying the monthly rental to respondents. Mrs. Nordgren answered: "Suit yourself."

After appellants had taken over the contract, they made several interest payments at the following intervals: One in the fall of 1932, two in 1934, and one in 1935. November 4, 1935, the interest was not paid. Taxes were not paid by appellants to the county on the property as required by the contract for the years 1932, 1933, 1934, and 1935.

The parties stipulated that the notices of intention to declare the forfeiture, hereinafter referred to, were served by respondents upon appellants. The notice served October 6, 1936, stated that the contract would be declared forfeited unless the payments in default under the terms of the contract were made on or before November 6, 1936. Since that notice contained a technical defect, another similar notice was served upon appellants giving them until December 10, 1936, to make the payments in default. December 10, 1936, no further payments having been made, respondents declared the contract forfeited.

The several assignments of error present only one material question for determination, namely, whether the acts and conduct of respondents in refusing to pay rent to appellants subsequent to November, 1935, and their collecting the monthly rentals from the tenant, Murphy, constituted a repudiation of the contract and entitled appellants to recover all money paid under the contract.

The withholding of the ten dollar monthly rental by respondents, together with their collection of the monthly rental from Murphy, were acquiesced in by appellants. The amounts thus retained from No-

vember, 1935, and the eighteen months' rent collected from Murphy, were applied to the payment of the taxes upon the property to enable appellants to meet their obligations under the contract. These acts, having been assented to by appellants, did not constitute an eviction, a taking of possession of the property by respondent, or a rescission of the contract, but were mere indulgences extended to appellants. Even though the payments were not collected pursuant to court order, as in *Exeter Co. v. Holland Corp.*, 172 Wash. 323, 20 P. (2d) 1, 23 P. (2d) 864, by reason of the fact that appellants consented to the collection of the rentals by respondents, they cannot be heard to complain that these acts were tantamount to an eviction.

It is settled in this jurisdiction that, if a vendor has waived strict performance of a contract, the forfeiture of the contract cannot be claimed without notice and a reasonable opportunity given to perform. It is equally well settled that, notwithstanding a waiver of a strict performance of a contract making time of the essence, such a contractual provision may be restored to its full force by appropriate notice by the vendor that future payments must be made strictly according to the terms of the contract. *Alhadeff v. Van Slyke*, 176 Wash. 244, 28 P. (2d) 797.

While a rescission results in the restoration of both parties to the *status quo* and the return by each to the other of the consideration given and received, under a declaration of forfeiture, properly declared pursuant to the terms of the contract, the seller is entitled to retain the payments already made by the buyer. *Johnson v. Alexander*, 87 Wash. 570, 151 Pac. 1121; *Strang v. Person*, 108 Wash. 503, 185 Pac. 944, and cases there cited. Appellants' contention assumes there has been a rescission or breach of contract of purchase by the vendors.

Upon failure of the vendees to comply in substantial respects with the terms of the contract of purchase after having been accorded a reasonable opportunity to do so, and there being no showing of substantial non-compliance or breach of contract by the vendors, the latter are entitled to give notice of forfeiture under the terms of the contract, and under such circumstances the vendees may not recover the amount paid on the contract.

In *Lea v. Young,* 168 Wash. 496, 12 P. (2d) 601, we said:

"Furthermore, it is the general rule in nearly all jurisdictions that a party to a contract cannot breach it, and thereby secure for himself some right or advantage to the detriment of the other party thereto. Hence, the vendee who, without breach on the part of the vendor, refuses to perform a contract for the purchase of real estate, cannot recover from the vendor either the amount paid on the purchase price, or a deposit by him as earnest money or as a forfeiture, where the vendor is ready, able and willing to perform his part, as was pleaded and adjudged in the former case between these parties. See annotations to *Nicolopoolos v. Hill,* 217 Ala. 589, 117 South. 185, 59 A. L. R. 185 at 194."

See, also, *Drumheller v. Bird,* 170 Wash. 14, 15 P. (2d) 260.

Assuming, without deciding, that there was a waiver of time being the essence provision, still the record convinces us there was no rescission here, but rather a forfeiture, and that the notice of forfeiture given afforded appellants a reasonable time within which to perform under the terms of the contract.

Appellants rely upon *Bodin v. Wilcox,* 129 Wash. 208, 224 Pac. 558; *Reinertson v. Grant,* 140 Wash. 372, 249 Pac. 493; and *Knowles v. La Pure,* 189 Wash. 456, 65 P. (2d) 1260, in support of their contention that, by repossessing the real property, the vendors rescinded the

contract, or, after having waived strict performance of the contract and declared the contract forfeited without a notice giving appellants an opportunity to perform, the vendees are entitled to a return of the payments made on the contract. The facts of this case do not fall within the rule announced in those cases, since we have concluded that there was no rescission of the contract, and the notices of intention to declare a forfeiture afforded appellants a reasonable time within which to perform.

Appellants also rely upon *Jones v. Grove,* 76 Wash. 19, 135 Pac. 488. That case is quite different on its facts, because the contract under consideration there contained no forfeiture clause, and the contract was in fact rescinded.

The remaining authorities cited by appellants have been critically examined, but are distinguishable on their facts from the present case, and thus are not decisive here.

The judgment of the trial court is correct and is affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.